# DECISIONS

·OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1888.

CASE 66—MOTION—JANUARY 5, 1888.

# Bush, &c., v. Lisle, &c.

APPEAL FROM CLARK CIRCUIT COURT.

1. COMPLETION OF TRANSCRIPT.—Where a transcript filed in good faith, within the time provided by section 738 of the Code, is not complete by reason of an omission of the clerk, the oversight of counsel, or the loss of a part of the record, the defect may, even after the time for filing the transcript has expired, be supplied by the filing of an additional transcript.

2. SUPPLYING LOST RECORDS.—Where an order was entered directing the master commissioner to take proof as to the contents of a lost record, and his report establishing the contents of the lost paper was confirmed, there was a substantial compliance with the provisions of the statute for supplying lost records, although a commissioner was not appointed for that purpose.

3. SAME.—But whether so or not, the statute is merely cumulative, and the judge, whether presiding as a common law judge or chancellor, has jurisdiction to supply the lost records of his court either by motion or by petition, and when parties have notice of the proceeding, and have been heard, the judgment of the court, even if erroneous, can not be so determined in a collateral proceeding.

4. A SPECIAL JUDGE is invested, for the time being, with the same power as a regular judge, and, therefore, an order by a special judge directing the master commissioner to take proof as to the contents of lost grounds for a new trial in this case was proper.

Bush, &c., v. Lisle, &c.

WM. LINDSAY FOR APPELLANTS.

1. The appellant is not required to file a perfect and complete transcript within the time allowed by section 738 of the Code, upon pain of having his appeal dismissed. If the transcript be not complete, the court will affirm the judgment if it be possible for the omitted portion of the transcript to sustain the judgment, or upon the application of either party will require the omitted portion to be brought up by *certiorari*. (Brockle v. Brockle, 7 Ky. Law Rep., 760; Smith v. Walton, 3 Bibb, 156; Violett v. Waters, 1 J. J. M., 304; Civil Code, secs. 738, 740, 742.)

2. The court having jurisdiction of the subject-matter, no mere irregularity in the proceeding to supply the lost record will avoid it. The pendency of the appeal in nowise affected the jurisdiction of the court.

3. Independent of the statute, the court had the right in its own way to supply the lost paper. (Deshong v. Cain, 1 Duv., 309; Suggett v. Bank of Kentucky, 8 Dana, 201; Commonwealth v. Keger, 1 Duv., 240; Oppenheimer v. Riley, 6 Bush.)

W. M. BECKNER OF COUNSEL ON SAME SIDE.

BRECKINRIDGE & SHELBY FOR APPELLEES.

1. If a *complete* transcript is not filed within the time allowed by section 738 of the Code, the appeal will be dismissed. (Civil Code, sections 738, 740.)

2. As this case was pending on appeal, and, therefore, out of the circuit court when the proceedings to supply the lost record were had, those proceedings are void. Some process was necessary to get the parties before the court. (Deshong v. Cain, 1 Duv., 309.)

3. The special term at which those proceedings were had was called only for the transaction of *chancery* business, and as this action is not in chancery, the appellees and their counsel were not " in court," and as to this case no order could be taken.

4. The power to supply lost records is regulated by the provisions of chapter 72, General Statutes, and those provisions were not complied with in this case.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT

Section 738 of the Code provides: "The appellant shall file the transcript in the office of the Clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the

granting of the appeal, unless the court extend the time, as for cause shown the court may do."

The penalty for failing to file the transcript is the dismissal of the appeal.    (Sec. 740, Civil Code.)

In the case before us, the appellant obtained a transcript of the record in the court below, and filed it in this court in a few months after the appeal was granted.    The record as filed was not, however, a complete transcript, as the grounds embraced in the motion for a new trial had been lost, and could not be found by the clerk; still the appellant had brought the whole record, as far as it could be made complete by the clerk below, and filed it in this court.    After this had been done, the appellants, without asking an extension of time for that purpose, proceeded in the court below to supply the lost paper, and when supplied and offered in this court the time for filing a transcript had passed, and for that reason the appellees moved to dismiss the appeal, insisting that the appellant must have filed in this court within the time prescribed by the Code the entire record, or so much of it as would enable the court to hear and determine the questions raised.    As the case below was a proceeding contesting the validity of a paper offered as the last will of the testator, the grounds for a new trial were essential to the prosecution of the appeal, as, without them, the court would necessarily dismiss it, the questions raised calling the attention of this court only to errors of law committed during the progress of the trial.    There would be some difficulty in sustaining the right of appellant to further prosecute the appeal but for the practice heretofore prevailing, and for the additional reason that, by the

provisions of the Code, the appellant may (with few exceptions) bring a partial transcript of the record here, and upon that have his rights determined. It is true, the sections of the Code with reference to assignment of errors have been repealed, yet the appellant, as this court has heretofore held, may still bring a partial transcript to this court.

This certainly requires a liberal construction of the provision of the Code as to the time of filing, for if the language of the Code is literally followed, and a complete transcript required, or so much of it as may be necessary for the purposes of the appeal, with no right to offer a supplemental record after the time for filing, great injustice would often be the result, and the litigant turned out of court for an omission of the clerk to copy some important paper or pleading, or the failure of counsel to notice that he has a defective record until his case is ready for submission. When submitted upon a defective or partial record, this court has held that it is then too late to amend it; but it has been the universal practice, when a transcript has been in good faith filed, and is defective or contains only a part of the proceedings below, to permit the filing of a supplemental record at any time before submission. The filing only of the judgment rendered below would not be regarded as the filing of a transcript within the meaning of the Code, but it must be such a transcript as evidences the purpose of the appellant to furnish this court with so much of the record as will enable us to decide the questions of law or fact involved in the litigation. In this case it is manifest that the grounds for a new trial had been lost, a fact known to both par-

ties; but before the case was submitted the lost record had been supplied, and when offered should be filed, unless valid objections exist as to the mode of establishing and supplying the loss. If the original grounds for a new trial had been found, and a copy tendered when the supplemental record supplying the defect was offered, this court would have permitted the filing; if so, we see no reason for rejecting the record offered.

Either party may bring up parts of the record, the appellee as well as the appellant, when the latter has failed to bring as much of the record as in the opinion of the appellee is necessary to an intelligent understanding of the case. The appellant is liable to pay the additional cost if he brings more of the record than may be necessary, and hence the necessity of following the practice heretofore adopted by this court.

The clerk may have omitted to copy the smallest paper in the record, yet vital to the appeal, or to copy a deed evidencing title, and it would be a harsh ruling to say that such defects could not be supplied before submission. So, whether by the omission of the clerk, the oversight of counsel, or the loss of a paper, a part of the record, if a transcript is filed in good faith, the defect can be supplied before submission. The proper practice should have been to ask for an extension of time, still this provision was evidently intended to apply to cases where no transcript could be filed in time, because of the magnitude of the record or the want of time on the part of the clerk to make it, and not to cases where the transcript has been filed and an omission to make it complete. The appellee may, by motion, have it dismissed, unless the time is extended;

but when the appellant is ready to perfect the record, when the motion is made or before the dismissal, the court in its discretion will allow the amendment.

It is again insisted that the proceeding below to supply the lost record was not in accordance with the statute. The regular judge of the Clark Circuit Court had called a special term for the transaction of chancery business only, and not being present when the court convened a special judge was elected, who, on motion of the appellants, had an order entered directing the master commissioner to take proof as to the contents of the lost record. The parties were notified by the commissioner when proof would be taken. They appeared, and at a subsequent term of the court the regular judge, presiding, confirmed the commissioner's report that established the contents of the lost paper. The parties were all heard. They had their day in court; and while the statute has not been directly pursued by appointing a commissioner for that purpose, its substantial provisions have been complied with. But if not, in this case the regular judge who heard the motion for a new trial and overruled it, and who knew, from the statement of parties on both sides and the clerk of his court, that the paper had been lost, was presented with the report of his commissioner, made up from the testimony of the parties or their attorneys, showing the contents of the paper, and upon a hearing he confirmed the report and supplied the loss. Whether, therefore, the special chancellor at the special term had the jurisdiction to enter the order is immaterial. The regular judge had before him proof sufficient to establish the loss of the paper and its contents.

He certainly had jurisdiction of the question, and has passed upon it. The statute on the subject of lost records is merely cumulative, and the judge, whether presiding as a common law judge or chancellor, has jurisdiction to supply the lost records of his court, either by motion or by petition; and when parties have notice of the proceeding and have been heard, the court having the jurisdiction, his judgment, even if it be erroneous, can not be so determined in a collateral proceeding. In our opinion, however, the order of reference was proper; if made by the regular judge, its validity could not well be questioned, and the special judge was invested for the time being with the same power. The chancellor certainly had the jurisdiction to supply the lost paper, and this court will not inquire whether the motion of the appellant was upon the one docket or the other.

The original bill of evidence is not before us, so as we can dispose of the question as to the instructions. If not inserted in the bill, or made part of the record below, they will not be considered. An order will be directed to the clerk below to bring to this court the original bill of evidence and exceptions. As the question with reference to the instructions can not affect the right to the appeal, that question will be disposed of on the final hearing.

The supplemental records are permitted to be filed, and the motion to dismiss overruled. (Commonwealth v. Keger, 1 Duvall, 240 ; Suggett v. Bank of Kentucky, 8 Dana, 201.)