## STATE ex rel. STARRITT v. NEWMAN, Judge, et al.

No. 17059—Opinion Filed April 20, 1926.

(Syllabus.)

### Bail—Order Granting Bail as Res Judicata —Vacation of Order not Authorized.

Where a person is incarcerated charged with murder and he makes proper application to the district court for bail, and upon

hearing, the court finds that he is entitled to bail and enters an order directing that he be admitted to bail in a given amount, and such order is spread of record, such order granting bail is res adjudicata and final as to the state. and the court is without jurisdiction or authority, on its own motion and without notice, to withdraw or set aside such order.

Original action by Charles Starritt against Honorable Porter Newman, Judge ·of the Sixth Judicial District of Oklahoma, and B. F. Eubank, Court Clerk of Johnston County, for writ of mandamus. Writ granted.

Sigler & Jackson, Ben F. Williams, Keller & Cameron, and Brown, Brown & Williams, for plaintiff.

George F. Short, Atty. Gen., and Smith C. Matson and Fred Hansen, Asst. Attys. Gen., for defendants.

PHELPS, J. Charles Starritt was incarcerated in the county jail of Love county on a charge of murder. Upon proper application to Honorable Asa E. Walden, one of the district judges of the Eighth judicial district of Oklahoma, of which Love county forms a part, he was, on the 20th day of October, 1925, granted bail in the sum of $25,000, the order granting such bail being signed and filed of record with the court clerk of said county, and providing that the bail bond should be conditioned as required by law and approved by the court clerk and by the judge of the district court of Love county. On October 26, 1925, and before any bond was presented to either the court clerk or district judge for approval, upon his own motion and without notice, said Asa E. Walden, district judge, made and entered an order in said cause setting aside and withdrawing the order granting bail.

Judge Walden certified his disqualification on the 10th day of November, 1925, and on the 13th day of November, 1925, Starritt, as directed in the order granting him bail, presented to Judge Walden and the court clerk his bail bond for approval, which was denied. On the 30th day of November, 1925. Honorable Frank Mathews, district judge of the Twenty-Fifth judicial district, was assigned to try the case against Starritt, and upon application of defendant a change of venue was granted and the case transferred to Johnston county. in the Sixth judicial district, and the bond was presented to Honorable Porter Newman. district judge, and B. F. Eubank. court clerk, for their approval, which they refused to do, and this action was filed here praying for a writ of mandamus to require Porter Newman, district judge. and B. F. Eubank, court clerk of

Johnston county, to accept and approve said bond and release the defendant from custody upon the approval of such bond.

It is the contention of Starritt that when the district court granted him bail and the order thereof was spread of record, such order was final and conclusive and became res adjudicata in all subsequent proceedings in the case, and the district judge was without power or authority to vacate or withdraw such order, while it is the contention of counsel for the state that the district judge had jurisdiction to vacate, withdraw, or set aside the order, even upon his own motion and without notice, at the same term of the court at which the order was made. This question presents the sole question for our determination.

Plaintiff cites, as sustaining his contention. State ex rel. Stevenson v. McMillan, 21 Okla. 384, 96 Pac. 618. In that case it appears that Stevenson was incarcerated charged with a capital offense. and that an order granting him bail had been made by the judge of the United States Court for the Southern District of the Indian Territory, and while he was thus incarcerated the Indian Territory became a part of the state of Oklahoma and his cause was transferred to the district court, and he presented his bail bond for approval to the judge and clerk of the district court of Cleveland county, who refused to approve the same. He then applied for a writ of habeas corpus, which was denied, after which he filed his original action in this court praying for a writ of mandamus, and this court held that when he had made and tendered for approval a good and sufficient bond, it became the duty of the officers of the court to approve the bond under the order formerly issued by the territorial court.

He also cites Augustine v. State (Tex.) 23 S. W. 689. in the first paragraph of the syllabus of which the Court of Criminal Appeals of Texas said:

"Where a person indicted for murder is admitted to bail. and the cause is afterwards dismissed, he is. in case he is again indicted, entitled to bail, even in the absence of any statute on the subject, since his right to bail is res adjudicata."

This case is cited with approval in Jenkins v. State (Tex.) 76 S. W. 464.

As shedding some light on the subject under consideration. counsel also cite Ex parte W. W. Jilz. 64 Mo. 205, holding that on · habeas corpus where

"the judge acquires jurisdiction of the person and the subject-matter, his discharge of

the prisoner, whether the decision be erroneous or not, being in favor of personal liberty, is final and conclusive. * * *"

This rule is supported in R. C. L., vol. 3, page 31, sec. 35, as follows:

"An order granting bail is res adjudicata and final as to the state, and even as to the accused, except as to the amount, which may be reduced upon appeal or otherwise. * * * After the right has once been determined by an order in favor of the accused, the question is closed. * * *"

Counsel for the state cite numerous authorities supporting the right of the court to vacate or modify its own judgments or orders, but an examination of these authorities reveals the fact that in those cases the court had under consideration property interests o. the parties rather than the liberties of the citizens, and while the cases cited state very salutary provisions of the law they are not applicable to the facts in the case at bar.

The record discloses that after the court refused to approve the bond presented by defendant in this case, he then made application to the Criminal Court of Appeal for a release on writ of habeas corpus, which was denied, and it is the contention of counsel for the state that when he made such application he waived any right that he may have had under the order granting him bail. With this contention we cannot agree.

It is further contended by counsel for the state that, his application for release on habeas corpus having been denied by the Criminal Court of Appeals, this court is bound by the judgment of that court in refusing to release him from custody, but we observe, from an examination of the opinion written by the Criminal Court of Appeals, which is made a part of the record in this case, that that court said:

"The rule generally approved by appellate courts is that, in denying an application for bail, neither the facts nor the law in the case should be discussed by the court lest it prejudice the rights of the defendant on his final trial, and we shall adhere to that rule in this case. The application is denied."

Therefore, as neither the law nor the facts are discussed in the opinion, we will indulge the presumption that the Criminal Court of Appeals refused to order the defendant's release for the reason that habeas corpus was not the proper remedy, as it was held by this court in Ex parte Lowery, 107 Okla. 132, 231 Pac. 86, in the second paragraph of the syllabus:

"Where a bond, proper in form and with sufficient sureties, is tendered, mandamus to require the approval of such bond, and not habeas corpus, is the proper remedy."

We, therefore, reach the conclusion that when the district court, having jurisdiction and having the matter properly before it, entered its solemn judgment and order adjudicating and finding that the defendant was entitled to bail, that judgment and finding is binding and conclusive and is res adjudicata on that question.

We further reach the conclusion that, while the Criminal Court of Appeals is a court of concurrent jurisdiction with this court, and this court has held that its judgments are binding on us, yet, since that court merely denied the application for writ of habeas corpus, which, in our judgment, was correct, as under the facts mandamus rather than habeas corpus is the proper remedy, such denial of the writ of habeas corpus is in no sense an adjudication of the defendant's rights presented to this court. In passing it is proper to say that we find no fault with the district judge and court clerk of Johnston county for refusing to approve the bond; since the cause came to them from another district and the judge of such other district had attempted to set aside the order granting bail and had also refused to approve the bond himself, it is only natural that they should proceed with caution. However, it is our conclusion that when a proper bond is presented to the district judge and court clerk of Johnston county—a bond complying with the provisions of law- and the order of the court admitting the defendant to bail—that it becomes their duty, under the order of the district judge of Love county, formerly entered, to approve such bond and release the defendant thereunder. It should be made plain, however, that in reaching the conclusions herein expressed it is not the intention of this court to, in any sense of the word, attempt to direct the district judge or court clerk of Johnston county in the proper exercise of their official discretion, nor is it our intention to direct the approval of the bond presented; but when a good and sufficient bond for the sum fixed by the order of court is presented to them, it is their duty to approve it. But, believing, as we do, that they will do their duty in accordance with the views herein expressed, the peremptory writ will be, for the present, withheld.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 6 C. J. p. 986 § 217 (Anno.); 3 R. C. L. p. 31.