Middleton's Adm'x et al. v. Middleton et al.

March 24, 1944.

110

A. E. Funk, Sarah Layman and R. W. Keenon for appellants.

J. C. Baker and S. H. Brown for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

We have for construction in regard to timely procedure KRS 281.410(2) relating to an appeal to the Franklin Circuit Court from a decision or order of the Division of Motor Transportation with respect to common carriers. The statute is here quoted for ready reference:

"The appeal may be taken by filing a petition of appeal with the clerk of the Franklin circuit court within twenty days after the rendition of the order of the

division. The petition shall state completely the grounds upon which the review is sought, shall assign all errors relied on, and shall be accompanied by a copy of the record, certified by the director, or an abstract thereof if agreed to by all parties to the hearing. The appellant shall furnish a copy of the petition to each person who was a party to the hearing before the division. Summons shall be issued upon the petition, directing the adverse party or parties to file answer within fifteen days after service of the summons."

The appellees, T. R. Middleton and others, as partners, operated a bus line in Harlan County under the name of Cumberland Coach Company. They petitioned the Director of Motor Transportation to approve certain revised and additional schedules. The appellants, Merle Middleton and others, as partners, operating a bus line over part of the same route under the name of V. T. C. Lines, filed an objection. A hearing was had by the Director, and on December 2, 1943, he rendered a decision, in effect, approving the new schedules. His elaborate opinion reveals that his decision was principally based upon a construction of the statute that the Division of Motor Transportation was without legal authority over the matter under the facts or the character of permit held by the petitioner, Cumberland Coach Company. On December 18th the V. T. C. Lines filed their "petition on appeal" in the Franklin Circuit Court and prayed that the Director, who was made a party defendant, be required to transmit to the court a certified copy of the original records, including the evidence heard by him, and that his order be set aside and he be directed to cancel the additional schedules established by the defendants. Only the order or judgment of the Director was filed with the petition. Special and general demurrers were filed, the former being based upon absence of a right to appeal because the plaintiffs had not filed with their petition a transcript of the record or an agreed synopsis thereof within twenty days as prescribed by KRS 281.410(2) quoted above. The question is whether the provision for filing the record with the petition is mandatory or directory.

If a provision of a statute respecting procedure is to afford convenience or to accomplish a given end and it may be done without strict observance of the provision and without affecting the real merits of the case, then the provision is to be regarded as directory only. Var-

ney v. Justice, 86 Ky. 596, 6 S. W. 457, 9 Ky. Law Rep. 743; Davidson v. Board of Education, 225 Ky. 165, 7 S. W. (2d) 1056. Whether it is directory or mandatory does not depend upon form but on legislative intent, which is to be ascertained from the interpretation of the entire act, its nature and object and the consequences of construction one way or the other. As further said in Skaggs v. Fyffe, 266 Ky. 337, 98 S. W. (2d) 884, 886:

"If the provision relates to some immaterial matter, not reaching the substance, or not of the essence of the thing to be done, and by an omission to observe it the rights of those interested will not be prejudiced—as where compliance is a matter of convenience or the directions are given merely with a view to securing proper, orderly, or prompt procedure—it is generally regarded as but directory. Of course, the term 'mandatory' embraces the converse character of provisions, which are conditions precedent."

Although denominated an appeal to the Circuit Court, the proceeding is a petition for a review by the court sitting in equity as an original action, to be tried de novo on the record made in the hearing before the Division. See Lincoln National Bank v. County Debt Commission, 294 Ky. 642, 172 S. W. (2d) 463.

It is noted that the statute relating to an appeal from a decision of the Workmen's Compensation Board merely provides for the filing of a petition and that the summons shall direct the Board to certify its complete record of the case or an abstract thereof. KRS 342.285(2). The record of the case at bar followed that course. The statute relating to a judicial review of an action of the Unemployment Compensation Commission provides that the Commission as a defendant shall file the record in the case with its answer. KRS 341.450. That relating to a review of orders of the Public Service Commission provides that after the filing of an action the Commission shall cause the transcript of its record to be filed in court. KRS 278.440. An appeal by a county from an order of the State Board of Equalization and Assessment does not require the filing of the Board's record until after the petition in court has been filed. KRS 133.170. The provision for a review of an order of the State Alcoholic Beverage Control Board is quite like this statute relating to appeals from orders of the Division of Motor Transportation. KRS 243.560.

The desirability of an early judicial review of any action of an administrative body by an aggrieved party, if he does not choose to waive his right to such, would seem to require a definite limitation as to time for taking such appeal, so that it may be said that time is of the essence in that regard. It is a limitation upon the right to a review. Hence, such a provision is mandatory. Phil Hollenbach Company v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524; Jones v. Davis, 246 Ky. 293, 54 S. W. (2d) 681. But what does it matter if the record or evidence which the court shall consider is not filed at the same time? Is it not sufficient if that record reaches the court any time before the case is set down for a trial? This seems to us to be a clear example of a directory provision. It does not deprive any party of any right or affect the merits of the case. It may be suggested that in some instances the record could not be completed within twenty days. If filing it with the petition should be mandatory, since there is no express authority given the court to extend the time, a failure to file in time would be fatal to the right of review.

For these reasons and in the light of the legislative provisions for a review of orders and rulings of other administrative boards, as we have outlined, we do not believe it was the intention of the Legislature to make the provision for a review of an order of the Division of Motor Transportation with respect to the filing of the transcript of the record so strict as possibly to work a hardship or cause injustice. We, therefore, construe the provision as to time in which the petition shall be filed as mandatory, but the provision for the filing of the record to be directory. Since under such construction the appellant offered to file the record in time for the court to consider it on the trial, it should have been received and the case have been heard upon its merits.

The judgment is reversed.