## Smith v. Henson et al.

September 6, 1944.

A. T. W. Manning and John M. Lyttle for appellant.

Eldon S. Dummit, Attorney General, Harry H. Wilson and Roy W. House, Assistant Attorneys General, William Rice and Martin Wilson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The appeal is from an order of the Judge of the Clay circuit court dismissing the petition for a writ of habeas corpus filed by the appellant, Arthur Smith, against the appellee, T. J. Henson, jailer of Clay County. The court has convened in special session during vacation to consider it. Section 429, Criminal Code of Practice as amended by Ch. 93, Acts of 1940.

The petitioner is under indictment charged with the murder of Houston Greene. The case has been transferred from Bell to Clay County, and the defendant placed in the custody of the respondent. The petitioner has not asked for an absolute discharge but release upon reasonable bond pending his trial. Previously, the Judge of the Clay circuit court, after hearing evidence, had overruled the defendant's motion that he be allowed bail.

The question is raised as to the right of the petitioner to obtain the relief sought by habeas corpus since another remedy has been provided and he has pursued it by his motion for bail. Ordinarily the writ will not

be granted where there is another adequate remedy. Stonefield v. Buchanan, 289 Ky. 386, 158 S.W. 2d 970; Sharpe v. Commonwealth, 292 Ky. 86, 165 S.W. 2d 993.

At all times since the adoption of the Code of Practice in criminal cases we have had provisions for obtaining release on bail by motion or as a matter of right (Sec. 72 et seq.), and also by a writ of habeas corpus, Section 399 providing that that remedy shall be available to anyone who "is imprisoned when by law he is entitled to bail." The same appears by implication in the terms of Section 426.

We cannot say, therefore, that having sought to have the court fix bail, a prisoner is barred from invoking the highly remedial and jealously regarded writ of habeas corpus. 39 C.J.S., Habeas Corpus, sec. 34, note 85, p. 537. The right thus to proceed was recognized in Hacker v. Com., 288 Ky. 222, 155 S.W. 2d 867, although the prisoner had not moved the circuit court to grant bail after the county judge, sitting as an examining court, had denied it. We entertained the appeal, considered the records made in both courts and concluded that they authorized the denial of bail. In Burchell v. Tartar, 242 Ky. 612, 47 S.W. 2d 75, a prisoner charged with a capital crime had been refused bail by the circuit judge. He filed an original proceeding in this court seeking a writ of habeas corpus to the end that bail be fixed by the court. As there is no appeal from an order denying bail, because not final, we held that to entertain the original proceeding here would in effect be the granting of an appeal from the adverse decision on the motion for bail, and , therefore, denied the writ. It is to be noted that that case was decided before the amendment of the Code authorizing an appeal in habeas corpus cases. But the point decided was not that the remedy did not exist when invoked in the circuit court. Nor, obviously, did we consider the extent of the court's power or the conditions under which the issuance of the writ is authorized. These and other cases, however, recognize the availability of the remedy when a motion for bail has been denied. Indeed, we may go further and observe that in most instances application for bail in the usual manner is prerequisite to an application by the method of habeas corpus, which may be made to a judge other than the one who acted on the motion. This is so because of the proper construction of the law respecting the remedy.

The important question develops as to the character of the procedure for habeas corpus under circumstances of this case, or the power of the trial judge. The former proceeding to obtain bail certainly cannot be ignored. It constitutes an important part of the record in the case. To say that this is a de novo hearing is to say that there can be a new trial by a judge of coordinate jurisdiction or, as in the present case, by the same judge, not once but ad infinitum, since Sec. 429, Criminal Code of Practice, declares that a judgment under a writ of habeas corpus shall not prevent the issuing of another writ for the same cause. To go further, since there may be an appeal to this court from an order denying or issuing the writ, it would be the equivalent of an appeal on the merits of the non-appealable order on the motion for bail. And, yet every individual has the right to resort to the ancient remedy for an adjudication of whether he is "imprisoned when by law he is entitled to bail." Sec. 399, Criminal Code of Practice. We think the apparent inconsistency in the matter of securing an appeal indirectly may be harmonized or rationalized by looking to the fundamental purposes of the writ of habeas corpus. After pointing out that the vital purpose is to obtain immediate relief from illegal confinement, the text of 25 Am. Jur., Habeas Corpus, Sec. 2, continues:

"It is essentially a writ of inquiry and is granted to test the right under which a person is detained. The office of the writ is not to determine the guilt or innocence of a prisoner, but only to ascertain whether he is restrained of his liberty by due process of law. In short, the primary, if not the only, object of habeas corpus is to determine the legality of the restraint under which a person is held."

It is to be borne in mind also that where there has been a judgment in the case, a habeas corpus proceeding is a collateral attack on that judgment. It lies only where the judgment is void and does not lie to obtain a new trial or an appeal or release from custody by establishing error or disclosing some latent or hidden fact which may have affected the result. Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S.W. 2d 603; Jones v. Com., 269 Ky. 772, 108 S.W. 2d 812; Glenn v. Porter, 292 Ky. 719, 168 S.W. 2d 32; Smith v. Buchanan, 291 Ky. 44, 163 S.W. 2d 5, 145 A.L.R. 813. An order entered on a motion for bail is a judgment, al-

though it is not final insofar as the court which made it is concerned.

We must, therefore, view the proceeding to obtain bail by the method of habeas corpus as a test of the legality of the judgment or action of the court on the motion for bail, and not as authorizing a trial de novo on the merits of the prisoner's claim, based upon the facts in his case.

In People v. Keeper of City Prison, 290 N.Y. 393, 49 N.E. 2d 498, one Shapiro had been denied bail by a Court of General Sessions. Immediately afterward he sought release on bail by a writ of habeas corpus before a justice of the Supreme Court (which appears to be comparable to our circuit court), and that court upon the record made in the Court of General Sessions ordered that bail in such cases was a matter of right and not of discretion. The Appellate Division of the Supreme Court, 265, App. Div. 474, 39 N. Y. S. 2d 526, reversed that order, dismissed the petition and remanded the prisoner. On appeal to the court of last resort the Court of Appeals of New York held that the Supreme Court had jurisdiction and power in the premises. "But," wrote the Court, "its inquiry was only as to the legality of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law. 1 Bailey on Habeas Corpus, p. 486. There was, we hold, ample reason here for the denial of bail at General Sessions, but the lack of any statutory right of appeal from the General Sessions order made it doubly important that habeas corpus be made available to a prisoner forced to lie in jail without an adjudication of guilt. It does not follow, however, that the court which entertained the writ could exercise an independent discretion as to bail. The Legislature which forbade any appeal from an order denying bail, did not intend, in a backhanded way and under other forms, to permit the equivalent of an appeal, as to matters of discretion as well as matters of law. The traditional status and purpose of a writ of habeas corpus can be maintained in cases like this without making it a device for obtaining a new trial of a discretionary matter. If this petition for habeas corpus was, as clearly appears, an effort to get such a new trial, then it had to be denied, under section 566 of the Code of Criminal Pratice, which makes final a decision as to bail rendered by 'judge presiding in the court in which the

crime is triable.' Being no more than a second application to a different judge for the fixation of bail in a case where the first judge had, on the same facts, used his discretionary power to deny bail, the second application was properly denied not only because the first was 'final' under the statute (sec. 566) but also because such successive applications offend against orderly procedure.'' [290 N.Y. 393, 49 N.E. 2d 501].

We think the reasoning applicable to our case. Let us suppose (as presenting the legal question more clearly) that Judge Forester, in the Bell circuit court, had denied Smith's motion for bail and ordered the prisoner lodged in Clay County jail for safekeeping. We think it readily apparent that Judge Stivers of the Clay circuit court ought not, even if he had the power to consider the collateral attack on the order, to try the merits of the defendant's right to bail and vacate the judgment or order of the Bell circuit court by or through a habeas corpus proceeding, the purpose of which being merely to inquire into or test the legality of the confinement resulting from the action of the other court, e. g., whether it was void or not. In such a proceeding it would have been necessary for the petitioner to prove what had been done in the Bell circuit court, and if that record established that the Court had exercised a judicial discretion, according to due judicial processes, that order should not or could not be vacated, even though the Judge of the Clay circuit court deemed it erroneous or unfair. He could not ''exercise an independent discretion as to bail.'' As a matter of fact, we have in this case the same Judge and Court. On the trial of the application for the writ of habeas corpus, therefore, we think it was incumbent upon the petitioner to establish that the order denying his motion for bail was illegal— not merely an erroneous exercise of discretion in deciding the motion on the merits.

The petitioner introduced several witnesses to the killing of Greene and the participation by the petitioner in the affray. The Commonwealth introduced no testimony. The evidence so submitted in our opinion established a state of fact which would have entitled the prisoner to release on bail. But in the judgment the trial judge stated that on the trial of the motion for bail, several witnesses had given evidence in behalf of the Commonwealth, which he recited, and that ''the court being unable to dispel from his consideration the evidence

heard at the former hearing and motion for bail,'' the petition for discharge on the writ of habeas corpus was dismissed. No transcript of that evidence was made a part of the record. Individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not the subject of judicial notice and cannot be resorted to for the purpose of supplementing the record. 20 Am. Jur., Evidence, Sec. 21; Annotations, 113 A.L.R. 258. But the point is not material here. The question was whether in denying the motion for bail, the court had acted illegally, such, for example, that he was without jurisdiction or his decision was capricious or arbitrary, or otherwise deprived the accused of a constitutional right. The evidence introduced in this independent proceeding was not so aimed nor intended to show that. It was simply evidence on a trial de novo, wholly ignoring the record which had been made, and upon which (perhaps with some testimony supplementary thereto) the decision on the petition for habeas corpus must have been based.

It follows that on the appeal of the judgment denying release upon execution of bail in this habeas corpus proceeding, this court cannot consider the case de novo on the record showing the right of the prisoner to be released. It does not reveal that the circuit court in denying the motion for bail acted without reason or upon reasons insufficient in law. The judgment is, therefore, affirmed.