# Board v. Hendricks.

Aug. 3, 1945.

Rodes K. Myers for appellant.

Eldon S. Dummit, Attorney General, and M. J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

George Board inflicted a wound upon Sadie Brown which caused her death. Upon his examining trial he was held without bond. He filed a petition for a writ of habeas corpus in the Warren Circuit Court. The judge of that court dismissed his petition on June 26, 1945. He filed his appeal in this Court under section 429-1 of the Criminal Code of Practice on July 9th. The section of the Code just mentioned directs that such an appeal shall be filed within 10 days after the entry of the judgment in the lower court. It is apparent, therefore, that the appeal was filed too late, because 12 days had intervened between the time of the entry of the judgment in the lower court and the filing of the appeal in this Court.

As pointed out in Hudgeons v. Commonwealth, 292 Ky. 845, 168 S. W. 2d 359, such a question is jurisdictional, and, since the appeal was filed too late, it must be dismissed.

We said in the recent case of Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666, that it is incumbent upon the petitioner in a habeas corpus proceeding to establish that the order denying his motion for bail was illegal, and not merely an erroneous exercise of discretion on the part of the trial judge. We are convinced from our examination of the record of the case at bar that the judge of the Warren Circuit Court did not abuse his discretion in dismissing the appellant's petition.

Appeal dismissed.