## DAMRON v. COLEMAN.

Court of Appeals of Kentucky.

July 19, 1954.

Francis M. Burke, F. Dale Burke and W. A. Daugherty, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Earle V. Powell, Asst. Atty. Gen., J. A. Runyon, Commonwealth's Atty., Pikeville, Kelsey E. Friend, County Atty., J. Ervin Sanders, Pikeville, for appellee.

CULLEN, Commissioner.

Following his indictment upon a charge of willful murder, Willard Damron made application to the circuit court of Pike County for bail pending trial. The application was denied, and Damron then filed his petition in the circuit court for a writ of habeas corpus, seeking by this means to secure release from jail upon reasonable bail. The circuit court dismissed the petition and Damron has appealed.

The only question is whether the proof of Damron's guilt is sufficiently evident, or the presumption of his guilt sufficiently great, within the meaning of Section 16 of the Kentucky Constitution, so that the denial of bail by the circuit court cannot be considered capricious or arbitrary. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666.

Damron is accused of murdering one Clyde Jack Clements. A dismembered body, claimed to be that of Clements, was found in a shallow grave on March 31, 1954. There was evidence that the body had been in the ground at least six months. On May 1, 1953, Clements, who was in the county jail, was taken from the jail by Damron, apparently under some arrangement Damron had made with the jailer. Clements was heard making protests against leaving the jail. A brown suit found on or near the body in the grave was identified as one which another inmate of the jail had given to Clements, and by means of a laundry mark on the suit it was established that the suit had been picked up at Damron's home on August 11, 1953, and had been delivered back to Mrs. Damron on August

14. There was no evidence of Clements having been seen after he left the jail on May 1, 1953, although a state policeman testified that the police had information that Clements had been "hiding out" at the home of Damron's father.

In the trousers of the suit found near the body in the grave there were two social security cards, one in the name of a person not shown to have any connection with the case, and the other in the name of an uncle of Damron.

There was evidence that Clements had become indebted to Damron as a result of gambling the two men engaged in' when both were in jail in the early part of 1953.

It is our opinion that the foregoing facts do not constitute evident proof of Damron's guilt nor create a great presumption of his guilt, and that the court abused its discretion in denying bail.

The judgment is reversed, with directions that Damron be granted reasonable bail to be fixed by the circuit court. The mandate will issue forthwith, without prejudice to the right of the appellee to file a petition for rehearing.