Carl BRADEN, Appellant,

v.

Porter B. LADY, Warden, Ky. State Reformatory, La Grange, Ky., Appellee.

Court of Appeals of Kentucky.

March 18, 1955.

Robert W. Zollinger, Louis Lusky, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Jo. M. Ferguson, Asst. Atty. Gen., A. Scott Hamilton, Com. Atty., Carl C. Ousley, Jr., Asst. Com. Atty., Louisville, for appellee.

SIMS, Justice.

This is an appeal by Carl Braden from an order of the Judge of the Oldham Circuit Court dismissing a petition for a writ of habeas corpus he filed against Porter B. Lady, Warden of the La Grange Penitentiary. Criminal Code of Practice, § 429–1.

Braden was convicted in the Criminal Branch of the Jefferson Circuit Court of the crime of sedition and his punishment fixed at confinement in the penitentiary for 15 years and a fine of $5,000. KRS 432.040. Section 75 of our Criminal Code of Practice provides that after conviction of an offense such as this, the accused shall be entitled to bond in "a penal sum sufficient to secure the defendant's appearance or his surrender to the court in execution of the judgment if it should be affirmed, and it may be executed before the circuit court or the trial judge at any time before the record is filed in the Court of Appeals * * *." Braden made a motion under this section for bond before Hon. L. R. Curtis, the Judge before whom he was tried, and Judge Curtis fixed the bond at $40,000.

Motion was next made by Braden for a reduction in the bond. In overruling this motion Judge Curtis wrote in his opinion that in the trial lasting 13 days the jury heard evidence that Braden was an active member of the communist party and as such advocated the overthrow of our government; and considering the seriousness of this offense and the severity of the punishment, he felt a $40,000 bond was reasonable

and not excessive. Judge Curtis further wrote that while there was no exact formula or precedent to follow in fixing appeal bonds, it had been the policy for a long number of years in the court over which he presided to fix such bonds at $2,500 for each year of imprisonment, which would make the bond $37,500 without considering the $5,000 fine.

Thereupon, Braden filed his petition before Judge Curtis for a writ of habeas corpus, averring that the bond "is so far beyond the reasonable necessities of the case as to be unreasonable, arbitrary, illegal and * * * void * * *." Judge Curtis ordered the writ to issue and made it returnable before Hon. Coleman Wright, Judge of the Oldham Circuit Court, as the prison in which Braden was confined is in Oldham County. Criminal Code of Practice, § 399; Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666.

After hearing the writ, Judge Wright in a written opinion said the bond "is not unreasonable and excessive in view of the nature of the crime * * * and the verdict. * * * Judge Curtis acted legally, and his ruling was not capricious or arbitrary and did not deprive Carl Braden of a constitutional right. He exercised a judicial discretion according to due judicial process".

■ We wish here to state that no constitutional right of petitioner is involved in this proceeding, since he is seeking bail after conviction and pending his appeal. Sections 16 and 17 of our Bill of Rights referring to bail relate to bail before trial. After conviction one has no constitutional right to bail, as the matter is then controlled by statute. 6 Am.Jur. "Bail and Recognizance", sec. 42, p. 80; Annotations 19 A.L.R. 807, 77 A.L.R. 1235.

Until 1924 no appeal bond in a felony conviction was allowed in this jurisdiction. The General Assembly in that year repealed section 75 of the Criminal Code of Practice and re-enacted it so as to allow bail after conviction in all felony cases, except where the jury inflicted the death penalty or life imprisonment. This section was amended in 1926 and again in 1932, and the latter amendment put the section in its present form. Many of the authorities relied upon by petitioner, as well as many of those appearing in the annotations in 53 A.L.R. 399 and 72 A.L.R. 801, deal with appearance bonds before trial and have but little bearing on the question before us.

■ We agree with Judge Curtis that no hard and fast rule can be laid down by which the amount of an appeal bond may be fixed. Each case must be governed by its own peculiar facts and circumstances. First, the amount of the bond must be sufficient to secure the appearance of accused and his performance of whatever judgment the reviewing court may hold must be satisfied. Second, the seriousness and nature of the crime and the severity of the punishment must be considered. Third, the ability of the accused to give bond is important, and the good of the public as well as the rights of the accused must not be overlooked. One ironbound rule is the reviewing court will not substitute its judgment for that of the trial judge who is in a better position than we to size up the facts and circumstances which should control judicial discretion in fixing the amount of the appeal bond. 6 Am.Jur. "Bail and Recognizance", secs. 81 et seq., 95.

■■ Petitioner argues the amount of the bond is so excessive in view of the circumstances surrounding the case as to show that Judge Curtis in fixing it at $40,000 acted arbitrarily, capriciously and illegally, hence his judgment is void. Petitioner is compelled to take this position, else habeas corpus could not lie. That writ is a collateral attack on the judgment, therefore, it can only lie against a void judgment. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666. Petitioner insists that Judge Curtis did not consider his ability to give bond; that the records of the Jefferson Criminal Court do not show that $2,500 per year is the standard which the judges have used in fixing appeal bonds; that Judge Curtis arbitrarily raised the bond from $10,000 before conviction to $40,000 after convic-

tion when the conviction did not carry such a presumption of guilt as to require a quadrupling of the bond.

 Our answer to this argument is, it cannot be doubted the bond is large when consideration is given to the fact that Braden is a native of Louisville, owns a modest home and has a wife and two young children; albeit the wife is under indictment for the same crime of which he was convicted. And the writer of this opinion will say that in his judgment a bond of half the amount would suffice to guarantee petitioner's appearance in the event the judgment is affirmed. But this court cannot substitute its discretion for that of the trial judge. Certainly, in no view of the case when we consider the enormity of the crime and the severity of the punishment inflicted, can we say Judge Curtis acted arbitrarily, capriciously and illegally in fixing the bond at $40,000.

The judgment is affirmed.