Frank A. BAUER, Jr., et al., Appellants,

v.

ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.

Court of Appeals of Kentucky.

Jan. 16, 1959.

**128**

Oldham Clarke, McElwain, Dinning, Clarke & Winstead, James M. Cuneo, Leon J. Shaikun, Louisville, for appellants.

Guy C. Shearer, Albert F. Reutlinger, Louisville, Thomas B. Bell, Frankfort, Foster E. DeWees, Louisville (Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, of counsel), for appellees.

CLAY, Commissioner.

Appellants Bauer et al. appeal from a judgment affirming an order of the Alcoholic Beverage Control Board which approved the application of T. P. Taylor & Co., Inc., (hereafter referred to as Taylor) for a retail package liquor license on premises located in Louisville. At the outset we are confronted with a question of procedure raised by Taylor's motion to dismiss the appeal.

The order of the Board in controversy was entered June 1, 1956. A copy of that order was received by appellants June 6. On June 8 they filed a statement of appeal and an attested copy of the order in the Franklin Circuit Court. The transcript of evidence was not filed until August 16.

KRS 243.560 authorizes an appeal to the circuit court from an order of the Board and prescribes the manner of taking such appeal. It allows the person aggrieved only 10 days (after the entry of the order) to take this appeal by filing an attested copy of the order and "of all the evidence heard". The motion to dismiss is grounded upon the fact that appellants failed to file the transcript of evidence within the time limit, and it is contended neither the Franklin Circuit Court nor this Court has jurisdiction of the appeal.

The reason for the delay is explained as follows: The official reporter for the Board is also the official reporter for the Franklin Circuit Court. When the transcript of evidence was ordered on June 6, the reporter advised that it could not be completed within the 10-day period. Appellants contacted the attorney for the Board, who advised that the Board customarily permitted additional time to file the transcript, that the Franklin Circuit Court had held this requirement of the statute to be directory rather than mandatory, and that no objection would be raised to the late filing.

As Taylor contends, the representations of the Board would not necessarily be binding on it, the principal party in interest, and further, if the matter is jurisdictional, consent could not confer jurisdiction on the Franklin Circuit Court. However, it is apparent that appellants pursued the only practical course to take and perfect an appeal.

It is well settled that the right of appeal is statutory, and it may be granted on such reasonable terms and conditions as the legislature sees fit. Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S.W.2d 407; Oertel v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 251 S.W.2d 275. As a general rule the steps prescribed by the legislature are mandatory and jurisdictional. Kudelle v. Vizzard Investment Co., 194 Ky. 604, 240 S.W. 54. This includes time limitations within which to take and perfect appeals. Allphin v. Daviess County Fiscal Court, Ky., 273 S.W.2d 359; 4A C.J.S. Appeal and Error § 455 page 133.

In the Oertel case, and cases from foreign jurisdictions cited by Taylor, it was held that a party may lose his right of appeal by failure to take the steps prescribed by statute within the time limit fixed. In each of those cases, however, the appealing party neglected to comply with a statutory provision which allowed him ample time to file what was necessary. In other cases we have excused strict compliance with a procedural requirement for the filing of a transcript when the failure was not the fault of the appealing party or was a matter beyond his control. Bush v. Lisle, 86 Ky. 504, 6 S.W. 330; Holmes v. Clark, 274 Ky. 349, 118 S.W.2d 758; Wilhoit v. Liles, 300 Ky. 564, 189 S.W.2d 851. See also Mason v. Straube, 68 Cal.App. 302, 228 P. 872.

■ A convenient terminology adopted by the courts in characterizing whether or not a statutory requirement must be strictly complied with are the labels "mandatory" or "directory". In determining into which category a particular statutory provision falls, the court seeks the legislative intent, which involves consideration of the nature and object of the statute, possible prejudice, and the consequences of construction one way or the other. Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884.

The statute we are considering authorizes an appeal within 10 days from the entry of the order of the Board. Certainly the aggrieved party must *take* his appeal within this period by filing an attested copy of the order in the Franklin Circuit Court. To *perfect* the appeal the party must in addition file a transcript of all the evidence heard. As shown by the facts in this case, it was a practical impossibility, beyond the control of appellants, to file this transcript in time. It is apparent the legislature intended to grant a right of appeal, and to prescribe reasonable terms and conditions. If we held the time limitation for filing the transcript of evidence to be mandatory, we would in this case, and other cases where the circumstances are similar, be depriving a party, without his fault, of an appeal. This would thwart the intention of the legislature to give all aggrieved parties such a right.

In Middleton's Adm'x v. Middleton, 297 Ky. 109, 179 S.W.2d 227, the identical question we have before us was presented on an attempted appeal from an order of the Division of Motor Transportation. Therein we held that the time requirement for filing the transcript of evidence was directory and not mandatory. The reasoning and decision in that case are controlling here.

■ The Franklin Circuit Court had jurisdiction of this appeal and likewise do we, and for that reason the motion to dismiss is denied.

The merits of this controversy are presented by the following facts. Appellants own and operate a place of business known as Bauer's Point Restaurant on Taylorsville Road. For many years this restaurant has had a retail package liquor license. In 1953 Taylor constructed a drug store on the opposite side of Taylorsville Road, diagonally across from Bauers. In 1954 Taylor applied for a retail liquor license for this place of business. The Alcoholic Beverage Control Board, upon a finding that the distance from Bauer's to the nearest point of the drug store premises was 430 feet, denied the license. (The statute involved, to which we will hereafter refer in more detail, requires a minimum distance of 700 feet.) This decision of the Board was appealed to the Franklin Circuit Court and was affirmed.

At the time of the original application there was a chain fence on Taylor's side of Taylorsville Road, and paralleling it, over which pedestrians could easily step. After denial of its first application, Taylor took out the chain fence and built a six-foot wire fence strung with barbed wire, which effectively prevented pedestrians from crossing in a direct line from Bauer's to Taylor's, or vice versa. Under this new arrangement a pedestrian, to go from Bauer's to Taylor's, was required to walk to the corner of Yorkshire Boulevard, go around

the fence, and cross a parking lot to Taylor's doorway. The respective places of business are still 430 feet apart (the map filed with the record shows 423 feet).

The statute involved is KRS 241.075. Subsection (2) thereof provides that no retail package liquor license shall be issued to any licensee who proposes to operate "at a *location* in a combination business and residential area within seven hundred feet of a similar establishment * * *." (Our emphasis.)

Subsection (3) undertakes to designate the method of determining the distance between the establishments. It provides that the measurement shall be by "following the shortest route of ordinary pedestrian travel along public thoroughfares from the nearest *point* of any present *location* of any such similar place of business to the nearest *point* of any proposed location of any such place of business. The measurement shall be taken from the *entrance* of the existing licensed premises to the *entrance* of any proposed location." (Our emphasis.) (It is not clear what construction should be placed upon the term "entrance", but a determination of this question is not necessary to our decision.)

At a hearing on the present application, appellants called six witnesses, all of whom testified that under present conditions the shortest route from Bauer's to Taylor's by ordinary pedestrian travel is less than 700 feet. The distances walked ranged from 642 feet to 690 feet, depending upon what doorway was used in leaving Bauer's. Taylor introduced no witness who testified that the distance was 700 feet or more.

After considering all the evidence (which included maps and photographs), the Board made the following finding of fact:

"The Kentucky Alcoholic Beverage Control Board made a personal investigation in the area in question and found that the shortest route of ordinary pedestrian travel from Taylor's

Drug Store to Bauer's Restaurant to be * * * 710 feet."

The Board made further findings based upon "its personal investigation" with respect to possible pedestrian travel and the difficulty of crossing Taylor's parking lot in a straight line.

On the basis of the above findings the Board granted Taylor a license. There are several reasons why the order of the Board cannot be sustained.

■ In the first place, the matter is res judicata. The Board, in its order of April 27, 1955, found that the two places of business were within 430 feet of each other. Since the principal guiding standard of the statute is the *proximity of location,* it was determined that Taylor did not qualify for a license. This adjudication was affirmed on appeal to the circuit court. The doctrine of res judicata applies to such a ruling by an administrative agency. Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S.W.2d 977.

There has been no change in the location of the two places of business. Taylor simply altered the condition of the premises so that the pedestrian passing from one location to another would need to travel a greater distance. As heretofore adjudicated by the Board, the proximity of the places of business is within the prohibition of the statute. The decided issue has not changed. The acts of Taylor cannot in this manner defeat the purpose of the statute and nullify the adjudication.

■■ Secondly, the Board's finding that the distance between the two places of business as now traveled by pedestrians is in excess of 700 feet is without support in the evidence before the Board. Ignoring the proof in the case, the Board apparently made a "personal investigation". This is not evidence. While an administrative body may take notice of matters of common knowledge and may even act upon its own expert knowledge or information, it cannot by personal investigation develop its own

evidence to support its finding. Sturgill v. Barnes, Ky., 300 S.W.2d 574; 73 C.J.S. Public Administrative Bodies and Procedure § 123, page 442; 18 A.L.R.2d 552, 555. Obviously the finding that the places of business were more than 700 feet apart was not based upon expert knowledge. It was based upon personal observation and measurement susceptible of proof by any competent witness.

It is a well-settled rule that even a judge may not act upon his own personal or special knowledge of facts. Jones on Evidence (5th Ed.), Vol. 1, Section 148, page 263; Wigmore on Evidence, Vol. 9, Section 2569, page 540; Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666.

In the third place, the evidence in the case, consisting of the testimony of witnesses, was that the places of business, as measured under the formula set forth in the statute, was less than 700 feet. On the basis of this evidence, the only justifiable finding of the Board would be that Bauer's and Taylor's are too close together to authorize the issuance of a license to Taylor.

Finally, even if the actual walking distance by a pedestrian using the shortest route between the two places of business is now more than 700 feet, we cannot countenance the evasion of this statute by a mechanical contrivance designed solely to defeat its purpose. A similar situation was presented in Reliable Wine & Liquor Shop, Inc. v. Schimmelman, Sup., 115 N.Y.S.2d 474. The New York statute prohibited the issuance of a liquor license for any premises located within 1,500 feet of premises holding a similar license on the same street or avenue. Defendant's store was on a corner within 1,500 feet of plaintiff's store on Broadway. To qualify for a license the defendant blocked his front door on Broadway, opened an entrance around the corner, and partitioned off the Broadway part of the store from the part in which liquor was to be sold. It was held that defendant could not defeat the objective of the statute by this structural change in his premises. See also In re Greenfield, Sup., 32 N.Y.S.2d 471. The same principle applies here.

The judgment is reversed with directions to set aside the order in controversy.