**Seavy YOUNG, on Relation of Daniel B. Boone, Appellant,**

**v.**

**Solon F. RUSSELL, Sheriff and Jailer of Jefferson County, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1960.

Daniel B. Boone, Henry A. Triplett, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Seavy Young, the appellant, being under detention by the appellee (Sheriff and Jailer of Jefferson County) following his indictment for willful murder, appeals from an order of the Jefferson Circuit Court refusing to release him on a writ of habeas corpus. Such an appeal is authorized by § 429–1 of the Criminal Code of Practice.

Appellant was indicted on January 11, 1960, and arraigned the next day, whereupon he entered a plea of not guilty, moved for admission to bail, and was admitted to bail in the sum of $5,000, for which he posted bond immediately and was released. Later in the day his counsel received notice that the Commonwealth on the next morning would move the court to set aside the order and hold him without bail. The matter came on for hearing on January 13, 1960, but was continued to January 15, 1960, because the Commonwealth was not ready. At the hearing on January 15, 1960, the Commonwealth's motion was sustained and appellant was ordered to be held without bail. Petition for habeas corpus was filed in the same court, and the writ issued accordingly, on January 16, 1960. A hearing held on January 19, 1960, resulted in dismissal of the writ. All proceedings were before the same judge

The questions involved on this appeal are:

(1) May an order admitting a defendant to bail after indictment be vacated or modified, after the bail is taken, by the court in which the prosecution is pending, so as to recommit the defendant, upon grounds other than those specifically provided by Criminal Code of Practice, § 99?

(2) Is the evidence which may be considered on the hearing of a motion involving admissibility to bail limited to "legal" evidence, so as to exclude direct use of the grand jury transcript and other pure hearsay?

and we have decided both of these questions in the affirmative.

In 6 Am.Jur. 100 (Bail and Recognizance, § 99), it is said to be the general rule that "an order granting bail is final and res adjudicata as to all questions except the amount. After the right has once been determined by an order in favor of the accused, the question has been regarded as closed so as to prevent reopening thereof to permit the prosecution to introduce evidence in rebuttal of that offered by the applicant." Cited in support are State ex rel. Starritt v. Newman, 114 Okl. 228, 245 P. 999; Ex parte Marshall, 38 Ariz. 424, 300 P. 1011; and United States ex rel. Heikkinen v. Gordon, 8 Cir., 190 F.2d 16; all of which precedents are cited also in appellant's brief, as is 3 R.C.L. 31 (Bail and Recognizance, § 35), which states the matter as follows:

"An order granting bail is res judicata and final as to the state and even as to the accused except as to the amount, which may be reduced upon appeal or otherwise. * * * After the right has once been determined by an order in favor of the accused, the question is closed and cannot be reopened in order to permit the prosecution to introduce evidence in rebuttal of that offered by the applicant." Citing Ex parte Augustine, 33 Tex.Cr.R. 1, 23 S.W. 689, 47 Am.St.Rep. 17.

To the same effect see 8 C.J.S. Bail § 47, p. 95, citing State ex rel. Starritt v. Newman, supra, in support.

Believing the rule as thus stated to be of questionable wisdom, we have undertaken an analysis of the cited authorities in search of its origin, that we may properly reappraise the question.

In Ex parte Augustine, the supporting authority for the R.C.L. reference, the defendant was indicted in 1876 for murder. In 1882, on account of illness, he was admitted to bail in the sum of $10,000. Soon thereafter, being unable to secure the attendance of its witnesses and unable to obtain further continuances, the state caused the indictment to be dismissed. The defendant was indicted again in 1891 for the same offense and was denied bail. On appeal it was held that he was entitled to readmission to bail in the amount of $10,000. Though an applicable section of the Texas Code of Criminal Procedure, art. 187, specifically provided that a person once admitted to bail and reindicted for the same offense should be readmitted to bail, the court said that independently of the statute the principle was "fully sustained by the authorities," citing Wells' Res Judicata and Stare Decisis, § 421; Church on Habeas Corpus; and Ex parte Jilz, 64 Mo. 205, 27 Am.Rep. 218.

We have not examined the work by Wells, but in Church, The Writ of Habeas Corpus (Bancroft-Whitney Co., 1886), page 520, it is said, after pointing out that the doctrine of res adjudicata has no application to habeas corpus, for which reason such cases were not appealable, that there is an exception where a person is *discharged by habeas corpus*: "* * * the rule has almost uniformly been, independent of statutory provisions, that the judgment of discharge, whether erroneous or not, and being in favor of personal liberty, is final and conclusive, and not subject to appeal or writ of error. The law is thus laid down in the well-considered and valuable case of Ex parte Jilz."

In Ex parte Jilz, 1876, the defendant, after commitment on a sentence for criminal abortion, secured his discharge by writ of habeas corpus on the ground that the court imposing the sentence had exceeded its jurisdiction. Without further ado he was jailed again on a re-issue of the same commitment from which he had been discharged. In an original habeas corpus proceeding before the Supreme Court of Missouri (the reported case) he was again discharged.

From an examination of these sources it would appear that unless an admission to bail and a release on a writ of habeas corpus are the same thing the rule which flowered forth in Ex parte Augustine is rooted in a foreign substance, and is a transmutation.

It is provided by Article VI of the Habeas Corpus Act of 1689 (31 Car. II) as follows:

> "VI  Persons Set At Large Not To Be Recommitted But By Order Of Court—Penalty—And for the prevention of unjust vexation by reiterated commitments for the same offense: Be It Enacted By The Authority Aforesaid, that no person or persons, which shall be delivered or set at large upon any habeas corpus, shall at any time hereafter be again imprisoned, or committed for the same offense, by any person or persons whatsoever, *other than by the legal order and process of such court wherein he or they shall be bound by recognizance to appear, or other court having jurisdiction of the cause * * *"* (emphasis added).

With striking fidelity to the original draftsmanship that great landmark has been preserved in our law by § 422 of the Criminal Code of Practice:

> "A person delivered upon a writ of habeas corpus shall not again be imprisoned or committed for the same offense except by the legal order or process of the court wherein he shall be bound by recognizance to appear or of

some other court having jurisdiction of the same cause."

■ Obviously the purpose of this hallowed article of liberty is today exactly what it was in the beginning, as so felicitously stated in the original statute: "for the prevention of unjust vexation by reiterated commitments for the same offense." When a judicial inquiry has been made, upon the solemn writ of habeas corpus, into the legality of a detention and has resulted in a discharge it is for most purposes, and should be, final. In recognition of that principle it has been made appealable by Criminal Code of Practice, § 429-1. It may be that the writ was once used as the common mode of securing bail, but it would seem nevertheless that the law on its face excepts from its application the court having jurisdiction of the cause, which would be consistent with the fundamental concept that a court maintains control of its orders at least until final judgment and expiration thereafter of the term. Be that as it may, we do not think that admission to bail on a motion made for that purpose is quite the same as a discharge on writ of habeas corpus, and therein we find ourselves in disagreement with the fundamental rationale of Ex parte Augustine.

State ex rel. Starritt v. Newman, 1926, 114 Okl. 228, 245 P. 999, is based on the authority of Ex parte Augustine, Ex parte Jilz, and the text from 3 R.C.L. 31 quoted above. Ex parte Marshall, 1931, 38 Ariz. 424, 300 P. 1011, is based on State ex rel. Starritt v. Newman and the same R.C.L. reference, and an able dissent by Lockwood, J., lays open the fallacy by pointing out that Ex parte Augustine "stands on a mere ipse dixit, and is not supported by the authorities cited therein." [38 Ariz. 424, 300 P. 1019.] United States ex rel. Heikkinen v. Gordon, 8 Cir., 1951, 190 F.2d 16, is based on Taylor v. Tainter, 16 Wall. 366, 21 L.Ed. 287; State v. Benedict, 234 Iowa 1178, 15 N.W.2d 248; Ex parte Marshall, supra; and 6 Am. Jur. 100. Neither Taylor v. Tainter nor State v. Benedict is in point, and 6 Am.Jur.

100 is based on State ex rel. Starritt v. Newman and Ex parte Marshall, supra. Thus it is clear that all of these authorities and precedents are the progeny of Ex parte Augustine, a wayward and fertile ghost which ought to be laid to rest. In taking this position, however, we do not wish to imply that there is no independent authority to the contrary. See, for example, Ex parte Hammock, 1885, 78 Ala. 414.

■ It is our opinion that the court having jurisdiction of a criminal cause has the same control of its orders with respect to bail as it has over its other interlocutory orders in the proceeding, that this is an inherent power not depending on special statute, and that it is not abridged by Criminal Code of Practice, § 99. An order entered on a motion for bail is not a final order, and it is not appealable. Smith v. Henson, 1944, 298 Ky. 182, 182 S.W.2d 666. There may arise many reasons why such orders ought, on proper notice and hearing, to be modified or set aside, as the court in its discretion deems wise and just. Should that discretion be exercised as an instrument of oppression it may be challenged as it has been challenged in this case, by writ of habeas corpus with the right of appeal, which latter right anciently did not exist.

■■ Turning now to the question of what evidence may properly be considered in a hearing on admissibility to bail, we find it apparent that no evidence was introduced at the first hearing on January 12, 1960. Section 16 of the Constitution of this Commonwealth vouchsafes to one accused of a capital crime the right to reasonable bail unless "the proof is evident or the presumption great." In most jurisdictions the burden is on the defendant to show that he is entitled to bail. Anderson, Wharton's Criminal Law and Procedure, Vol. 4, p. 651; 6 Am.Jur. 87 (Bail and Recognizance, § 57; 39 L.R.A.,N.S., 772 (note). Not so, however, in Kentucky. The burden is on the Commonwealth. Com. v. Stahl, 1931, 237

Ky. 388, 35 S.W.2d 563; Day v. Skinner, Ky.1957, 300 S.W.2d 45. Therefore, the action taken by the court at the first hearing was correct. Whether the court abused its discretion in permitting the Commonwealth immediately to precipitate another hearing for the naked purpose of rectifying its omission to carry the burden at the first hearing could not be considered on this appeal, as the record does not disclose whether it was afforded a reasonable opportunity to have its witnesses in court on January 12, 1960. It is unnecessary, however, to reach the point, because we are of the opinion that the order of January 15, 1960, sustaining the Commonwealth's motion and remanding appellant to custody without bail was supported only by the hearsay testimony of a police officer as to what the sole eyewitness to the killing told him and by the official transcript of the testimony given by that eyewitness before the Grand Jury, none of which was competent evidence; and the order being unsupported by competent evidence, it was manifestly arbitrary. At the hearing of January 19, 1960, on the writ of habeas corpus no supplemental evidence was introduced to cure the deficiency in proof. Therefore, the order of dismissal was error.

■ In 8 C.J.S. Bail § 46b, p. 94, it is indicated that the grand jury minutes are competent evidence in determining whether the proof is evident or the presumption great. The only supporting reference is to Ford v. Dilley, 1916, 174 Iowa 243, 156 N.W. 513, wherein the subject is discussed in an exhaustive opinion and two dissents, with the conclusion that either party may introduce the transcript but the burden of proof is on the accused. We have decided, however, that the better policy is to restrict the proof to that which is competent under the ordinary rules of evidence. See Com. v. Stahl, 1931, 237 Ky. 388, 35 S.W.2d 563.

The cause is reversed and remanded for further proceedings consistent with this opinion.