## Wylie v. Commonwealth.

(Decided April 22, 1919.)

Appeal from Letcher Circuit Court.

Criminal Law—Appeal—How Taken.—In a criminal prosecution, whether for a felony or misdemeanor, an appeal to the Court of Appeals can only be taken on a final judgment of the circuit court; and the appeal must be prayed and granted during the term at which the judgment is rendered.

ROSCOE VANOVER for appellant.

CHARLES MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and MONROE FIELDS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing appeal.

The appellant, Burnie Wylie, was tried and convicted in the court below under an indictment charging the offense of assault and battery, the acts constituting the offense being set forth in the indictment as follows:

"The said Burnie Wylie, on the 12th day of August, 1918, in the county aforesaid, did unlawfuly, willfully and maliciously, and with gross carelessness, negligence and recklessness, and with reckless disregard to the life and safety of one Clarence Jones, run an automobile against, upon and over the body, limbs and person of said Clarence Jones, thereby bruising, crippling and injuring said Clarence Jones." . . .

The jury returned the following verdict:

"We the jury do agree and find the defendant guilty of reckless driving, and fix his fine at $100.00. If he fails to pay or replevy, he shall be placed at hard labor one day for each one dollar of said fine and costs."

Immediately following the return of the above verdict, and after the discharge of the jury, but before judgment was entered thereon, appellant moved the court to adjudge the defendant not guilty, notwithstanding the verdict of the jury. The court overruled the motion, to which ruling the appellant at the time excepted, and from the order manifesting such ruling, prayed an appeal to the Court of Appeals, which was granted.

After the entering of this order the court rendered the following judgment upon the verdict:

"It is therefore adjudged by the court that the Commonwealth of Ky. recover of the defendant, Burnie Wylie, the sum of $100.00, and the cost of this prosecution; and if he fails to pay or replevy, he shall be placed at hard labor upon a public highway of Letcher county under the supervision of the county judge, in custody of the jailer, one day for each one dollar of fine and cost, and when not at work shall be confined in jail."

To this judgment no objection was made or exception taken; nor was an appeal granted or taken therefrom.

It should here be remarked that the record before us does not contain the evidence heard on the trial, the instructions given by the court, or any complaint of either; nor does it show, either by demurrer before trial, or motion in arrest of judgment following the verdict, that the appellant questioned the sufficiency of the indictment, or that the facts stated therein do not constitute a public offense within the jurisdiction of the court. Appellant failed to enter motion or file grounds for a new trial, and the sole ground urged by him for the reversal of the judgment of conviction is, that the trial court erred in overruling his motion for a judgment of acquittal *non obstante veredicto.*

The verdict is not in proper form, but it was not of such character as to authorize a judgment of acquittal on the motion made by the appellant. While defective, its language expresses the intention and purpose of the jury to find him guilty of the offense charged in the indictment and to punish him therefor as declared, and as the appellant's "reckless driving" admittedly caused the

injuries resulting to the person struck by the automobile, there is some room for saying the act constituted the assault and battery, the offense charged. He should have objected to the verdict when returned, which would have called the atention of the court to its defective form and given opportunity for its correction; but having failed to do this appellant could not thereafter rest his right to a judgment of acquittal upon its defective terms.

But, aside from what has been said, the judgment entered by the court to conform to the verdict and which inflicts the penalty imposed by it, and is, therefore, the final judgment in the case, is not the judgment here appealed from. Indeed, appellant neither asked nor was granted an appeal from that judgment. He was merely granted and is attempting to prosecute an appeal from an order, in no sense final, made before the final judgment was entered upon the verdict, which order only overruled a motion for a judgment in his behalf notwithstanding the verdict.

Criminal Code, section 335, declares:"An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth." Smith v. Comlth., 5 R. 851; Riley v. Comlth., 21 R. 1406. Section 348 provides the time and manner of appealing by the defendant in a prosecution for a misdemeanor, its language being as follows:

"The appeal must be prayed during the term at which the judgment is rendered and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment."

This rule that the appeal must be granted and taken during the term at which the judgment is rendered, applies whether the appeal be prayed by the Comlth. or by the defendant. Comlth. v. Adams, 16 B. M. 338; Comlth. v. McCready, 2 Metcalfe 376; Comlth. v. Howard, 81 Ky. 57.

It is unnecessary to speculate as to whether the defective character of the verdict would have entitled appellant to a new trial, as he filed no motion or grounds for a new trial; and if the motion for a judgment in his behalf, notwithstanding the verdict, could have been treated as a motion in arrest of judgment, the court must have overruled it, for the indictment undoubtedly alleges facts constituting a public offense within the jurisdiction of

the court, which is the only ground authorizing an arrest of judgment. (Crim. Code, section 275.)

As the appeal prosecuted by the appellant is not an appeal from a final judgment, it must be and is dismissed.