## Wells v. Commonwealth.
## Same v. Dunn, Jailer.

Dec. 15, 1944.

E. Selby Wiggins and O. P. Jackson for appellant.

Eldon S. Dummit, Attorney General, and John S. Noland, Commonwealth Attorney, and Hugh Porter, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, Cecil Wells, was indicted by the Madison County grand jury wherein he was accused of having murdered Oscar Beasley. He entered motion for bail, and the court heard evidence of the Commonwealth, as well as that of appellant, upon the merits of the case, after which the motion was overruled. That motion was made on October 27, 1944, and on November 28, following that order, appellant instituted this habeas corpus action against the appellee, as jailer of Madison County. In his petition he alleged that under the provisions of

section 16 of our Constitution he was entitled to bail, not-withstanding he was charged with a capital offense. That section is a part of our Bill of Rights, and says, inter alia: "All prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great * * *."

The appellee (jailer) defended on the ground that appellant's custody and confinement in the jail was under proper orders directed to him by the judge of the Madison circuit court. The court again heard evidence from both sides upon the merits of the case which developed substantially the same facts as was done on the hearing of the motion for bail, after which he denied the writ and dismissed the action, from which appellant prosecutes this appeal. He also attempts to appeal from the order of the court overruling his motion for bail rendered prior to the filing of the habeas corpus action, but, since there is no provided appeal from such an order, the appeal from it is dismissed. However, such dismissal has no effect upon the merits of appellant's habeas corpus action. The precise question (presented on exact facts) was before this court and determined adversely to appellant in the very recent case of Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666. The correct procedure in all of its phases was discussed and determined, as well as outlined, in our opinion rendered in that case. One of such determinations was and is, that the judge on the hearings of both a motion for bail, and in habeas corpus actions, is vested with a sound discretion in determining whether or not the evidence—under either constitutional or statutory law—developed a case where "the proof is evident or the presumption great," as is required by the section of our Constitution supra. Also it was held in that case, and authorities cited therein, that the appellate court on appeal from such orders of the circuit court, when an appeal is allowable, will approve a judgment denying the writ, unless the judge who denied it acted capriciously or arbitrarily in doing so. But if the evidence on the merits of the case discloses that the trial judge did not abuse the discretion lodged in him on such hearings, the judgment denying the writ would not be disturbed on appeal.

We have carefully read the testimony introduced on both hearings before the judge of the Madison circuit court, and we are unable to say that in denying bail he

acted capriciously or arbitrarily, nor that he abused his discretion in making such determinations. Many of the matters discussed and determined in the Smith opinion need not be repeated here, and the same is true with reference to the reasons given therefor, since such information may readily be found by consulting that opinion, in which there is cited a number of recent opinions from this court, as well as text authorities.

For reasons stated, the judgment dismissing the writ by the Madison circuit court is affirmed. The whole court sitting.