# Burton v. Commonwealth.

June 22, 1948.

Marcus C. Redwine and Harvey T. Lisle for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Dismissing appeal.

Appellant, Robert Burton, attempts to prosecute this appeal from an order of the Clark Circuit Court overruling his motion to be admitted to bail. An appeal may only be taken from a final judgment except on behalf of the Commonwealth. Criminal Code of Practice, sec. 335; Riley v. Commonwealth, 55 S. W. 7, 21 Ky. Law Rep. 1406; Wylie v. Commonwealth, 184 Ky. 14, 211 S. W. 190. In the recent case of Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666, it was written that an order entered on a motion for bail is not a final order and no appeal may be taken therefrom. It is apparent that we have no jurisdiction to consider this appeal and that it must be dismissed.

Section 72 et seq. of the Criminal Code of Practice provides for the admission of a defendant to bail. The writ of habeas corpus is available to one who "is imprisoned when by law he is entitled to bail," Criminal Code of Practice, sec. 399; and sec. 426 of that Code

permits an application for the writ of habeas corpus to be made before the judge of the circuit court in which the applicant is indicted. Hacker v. Commonwealth, 288 Ky. 222, 155 S. W. 2d 867. After appellant's, Burton's, motion for bail was refused by the circuit court, his remedy was by an application for a writ of habeas corpus directed to the Judge of the Clark Circuit Court in which he stood indicted. Hacker v. Commonwealth, and Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666. The Smith opinion contains an exhaustive discussion on the subject and there is no reason to repeat it here. However, we might add that on motion for bail in a capital offense the burden is on the Commonwealth to show facts making proof of the accused's guilt evident or the presumption of his guilt great. Commonwealth v. Stahl, 237 Ky. 388, 35 S. W. 2d 563.

Appellant, Burton, killed Herbert Crowe by cutting or stabbing him with a knife on the street in Winchester on Dec. 24, 1947. He was immediately arrested and placed in jail and was indicted for murder at the April term of the Clark Circuit Court. Due to the serious illness of his attorney, appellant was granted a continuance at the April term and made motion for bail. The circuit court heard considerable proof on that motion and denied bail. While the question is not now before us as to whether bail should have been granted Burton, we have read the evidence introduced on that hearing and we believe it shows appellant not to be guilty of wilful murder but only of voluntary manslaughter, should the jury conclude he did not act in self defense.

Burton and deceased had some words in a pool room on the afternoon of Dec. 24, 1947, which terminated in them grabbing each other and falling to the floor, but they were separated before either was hurt. Thereupon, Burton left the pool room and went to the street where he waited from five to fifteen minutes in front of or near the pool room where he was to meet a friend, Carl Hopper. Presently, Crowe came out of the pool room and he and defendant engaged in another fist fight on the street. The evidence is conflicting as to who was the aggressor or who struck the first blow. Deceased was a much larger man than Burton and one of his blows knocked the latter several feet between some cars parked at the curb. Then Burton drew his knife

and when they went into a clinch he inflicted the fatal wounds upon his adversary. Immediately after the killing, Burton was lodged in jail and the jailer testified he had a "right smart bruise" over his right ear, and a "right smart knot" on the side of his head.

Section 16 of our Constitution reads:

"All prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great; and the privilege of the writ of habeas corpus shall not be suspended unless when, in case of rebellion or invasion, the public safety may require it."

It is clear to us from the evidence introduced on the motion for bail that the proof is not evident nor is the presumption great that Burton has committed a capital offense. Should he make application for a writ of habeas corpus before the Judge of the Clark Circuit Court and should the evidence be substantially the same on that hearing as it was on his motion for bail, we are certain that the Judge will grant him bail and fix his bond at a reasonable sum.

What is said here is, of course, without prejudice to any developments which may be made at appellant's trial on the indictment. In commenting on the evidence, our purpose is to prevent an unnecessary appeal on a writ of habeas corpus while this court is in recess for the Summer.

For the reason that this appeal is not prosecuted from a final order as provided in sec. 335 of the Criminal Code of Practice, we are without jurisdiction to hear it, and same is dismissed.