**L. C. SMIDDY, Appellant,**

v.

**Jay BARLOW, Jailer of Harlan County, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

Hiram M. Brock, Sr., Hiram M. Brock, Jr., James C. Brock, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., Daniel Boone Smith, Commonwealth's Atty., Cawood Smith, County Atty., Bert O. Howard, Harlan, for appellee.

STANLEY, Commissioner.

The appellant, L. C. Smiddy, waived an examining trial on the charge of murder and was committed to jail without bail being allowed. His habeas corpus petition to be released upon reasonable bond pending action of the grand jury was denied by the Judge of the Harlan Circuit Court and Smiddy appeals.

A person accused of crime for which he might suffer the death penalty has the right to remain at liberty upon reasonable bail pending trial unless the Commonwealth shows his manifest guilt or produces evidence sufficient to create great presumption of guilt. Duke v. Smith, Ky., 253 S.W. 2d 242, 243.

We summarize the evidence produced upon the hearing of this proceeding.

The petitioner killed Luther North. He and his brother, Robert North, were in a cafe near Cumberland about midnight of February 4, 1956. They were at a table with a young lady. Another girl and Alvin Creech, a friend of the Norths, were dancing or playing around to the music of a juke box when the petitioner, Smiddy, with three companions, came in. Smiddy came and sat down at the table with the North boys and the girl and asked her to dance with him. They were strangers. She refused, and when he annoyed her, she moved her seat. Luther North told Smiddy to go away and leave her alone. About this time Smiddy transferred a pistol from beneath his jacket into his coat pocket. He left the table but in a short time returned and insisted that the girl dance with him. Again, she refused and he was told to go away, which he did. Soon afterward Robert North went out to his automobile to get some cigarettes. Smiddy and one of his companions followed him out of the room. Luther North then followed them. When Robert started to open the car door, Smiddy told him to take his hand off the door and to get away from the car and not try to get his gun. Robert replied that he was not getting a gun and stepped back. About that time Luther came out the door and seeing Smiddy in the act of drawing a pistol or having already drawn it, struck Smiddy with his fist and knocked him down. While on the ground or while getting up, Smiddy shot Luther North three times and killed him. One of Smiddy's companions, Bill Hamilton, testified that Smiddy had left the room first and was followed by one of the North boys and then he, Hamilton, went out.

Appellant submits that this evidence proves only guilt of voluntary manslaughter and not murder for which a death penalty could be imposed and bond denied.

It seems to us that a verdict of murder could very well be returned. The question before this court is resolved into inquiry whether the circuit judge abused a discretion in denying the release of the prisoner upon bail. We are of opinion that he did not.

Judgment affirmed.