John HOLLAND et al., Appellants,

v.

T. Ed ASHER, Jailer, Bell County, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 11, 1958.

J. C. Helton, Julian H. Golden, Pineville, for appellants.

Jo M. Ferguson, Atty. Gen., Farmer Helton, Commonwealth's Atty., Pineville, Walter C. Herdman, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellants, John Holland, Elvin Lewis, Tim Lewis and Everett Miller, charged with murder and shooting and wounding with intent to kill, are in jail without bail and have brought this habeas corpus action in an attempt to obtain their release on bail until the next Grand Jury in October. They assert that they are being held in jail in violation of Section 16 of our Constitution which provides in part that "all prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great."

Roy Gambrel was shot and killed in front of his home in Bell County about 10:00 p. m., Sunday, June 8, 1958, upon returning from a movie, accompanied by his wife, Ruby. He was shot in the back of the head, twice in his back between the shoulder blades and once in the leg, and died before he could be taken to a hospital. His wife, Ruby, was shot in the abdomen, but survived. Both Ruby and Roy's mother, Mary Alice Gambrel, identified the appellants as his assassins; they each witnessed the shooting and saw the appellants in the automobile from which the shots were fired. Efforts to discredit their testimony were not convincing. The killing of Roy Gambrel is apparently a sequel to the killing of Melvin Lewis, a brother of two of the appellants, in December, 1957. Roy Gambrel was acquittted of the killing of Melvin Lewis.

 We think that the testimony of an eyewitness to a killing must be given great weight and creates a strong presumption of guilt. In denying the bail requested the trial court exercised a sound discretion, and did not act illegally or for reasons insufficient at law. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666; Wells v. Commonwealth, 299 Ky. 51, 184 S.W.2d 223; Lewis v. Ball, Ky., 299 S.W.2d 810; but see a distinguishing case, Day v. Caudill, Ky., 300 S.W.2d 45.

The judgment is affirmed.