Gertrude BROOKS, Appellant,

v.

Hershal GAW, Jailer of Harlan County, Appellee.

Court of Appeals of Kentucky.

May 12, 1961.

William Murphy Howard, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Gertrude Brooks, was indicted by the Harlan County grand jury for the murder of Frank Bowen. When she was arraigned she entered a plea of not guilty, but no bail was set. She thereupon moved for bail and, after the circuit judge had heard the testimony of an eyewitness to the event out of which the murder charge grew, he decided she should not be released on bail.

Appellant thereafter sought by habeas corpus to have bail set. At the same time she applied for such relief in this new proceeding, she moved that the regular circuit judge, the Honorable Edward G. Hill, who had already refused her bail, vacate the bench on the ground that he had shown prejudice toward her. The regular judge withdrew and the Honorable George Reams was appointed special judge to hear the petition for the writ. The special judge reviewed the testimony we have heretofore alluded to and also denied the petition for a writ.

This appeal challenges the correctness of the lower court's ruling.

We have many times written that a person is not entitled to bail in a case involving a capital offense where the proof is evident or the presumption great as to ultimate guilt. See Section 16 of the Constitution of Kentucky. The trial judge on hearings of both a motion for bail and in a habeas corpus proceeding is vested with a sound discretion in determining whether or not the evidence developed a case where "the proof is evident or the presumption

great." See Wells v. Commonwealth, 299 Ky. 51, 184 S.W.2d 223.

■ In the case at bar the testimony of an eyewitness (and the sole person who testified) identified appellant as the person who killed Frank Bowen. From the statements of this witness we conclude the proof is not only evident but the presumption is also great as to the ultimate guilt of appellant. It follows the trial judge did not abuse his discretion in denying bail.

Wherefore the judgment is affirmed.