Arthur SCHIRMER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 27, 1962.

John W. Coomes, New Castle, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., James Ford, Commonwealth's Atty., Owenton, for appellee.

CULLEN, Commissioner.

Arthur Schirmer, confined in jail pending retrial under an indictment for murder (after a first trial had resulted in a hung jury), made a motion for bail, which was denied. He then sought release on bail through habeas corpus proceedings. Judg-ment was entered in those proceedings upholding the denial of bail, and Schirmer has appealed from that judgment.

The question is whether the evidence considered on the motion for bail warranted the conclusion of the judge that "the proof is evident or the presumption great," which is the ground specified in Section 16 of the Kentucky Constitution for denial of bail to a person accused of a capital offense. We shall briefly summarize the evidence.

Sam Ryle, accompanied by Bertha Harmon, was driving his truck along a highway near Carrollton, around 1:30 a. m. Schirmer's automobile came up from behind and pulled alongside the truck, and a shotgun blast was fired from the automobile, striking Ryle and causing his almost immediate death. Two city policemen, who had been following the Schirmer automobile as a routine patrol measure, were a short distance behind the two vehicles when the shooting occurred, but not close enough to distinguish the act of shooting. They had been following the Schirmer automobile for several minutes and on occasions had been as close as 10 feet to it. Neither policeman had observed the presence of any person in the automobile other than the driver. The truck came to a stop after the shooting and when the policemen stopped to investigate, Bertha Harmon came out of the truck and said, "It was that damn Arthur Schirmer." In the meantime Schirmer's automobile had driven on. Schirmer was arrested later that night and it was discovered that he had caused his ex-wife to conceal his shotgun shortly before the police arrived. There was testimony that Schirmer had kept company with Bertha Harmon, that on the night of the shooting he was angered by her associating with Ryle, and that he had threatened to kill Ryle.

Schirmer's testimony was that Mary Tingle was with him in his car when they drove alongside Ryle's truck and that on the spur of the moment Mary grabbed his

shotgun from the back seat and shot at the truck, saying "I am going to scare the pants off of Billy (Bertha Harmon)." However, Schirmer did not explain why he had turned his automobile around to follow the Ryle truck a few moments before, when the truck had passed him going in the opposite direction. Mary Tingle denied that she was in Schirmer's automobile at the time of the shooting.

■■ It is our opinion that the evidence created a sufficiently great presumption of guilt to warrant the denial of bail. The judge hearing an application for bail is vested with a sound discretion in determining the sufficiency of the proof or presumption and there is no indication here of an abuse of that discretion. See Wells v. Commonwealth, 299 Ky. 51, 184 S.W.2d 223; Pool v. Commonwealth, 308 Ky. 107, 213 S.W.2d 603; Duke v. Smith, Ky., 253 S.W.2d 242; Holland v. Asher, Ky., 314 S.W.2d 947.

The judgment is affirmed.