**856**

**Cecil NICKELL, Appellant,**

v.

**William KELLY, Appellee.**

Court of Appeals of Kentucky.

May 25, 1962.

John Y. Brown, Sr., Lexington, for appellant.

Tolbert Combs, Commonwealth's Atty., Calvin N. Manis, County Atty., Hazard, Daniel Boone Smith, Harlan, for appellee.

PALMORE, Judge.

The appellant, Cecil Nickell, was denied bail while being held pending action by the Perry County grand jury on charges including armed robbery, a capital offense. KRS 433.140. He brought this habeas corpus action in the Perry Circuit Court, and it resulted in a finding and judgment to the effect that the proof of guilt is evident and the presumption great, hence he is not entitled to bail. Cf. Const. § 16. He appeals. Crim.Code § 429a–1.

In establishing that an offense is not bailable the burden is on the Commonwealth to show that "the proof is evident or the presumption great." Day v. Caudill, Ky.1957, 300 S.W.2d 45, 46, 48; Young v. Russell, Ky.1960, 332 S.W.2d 629, 633. However, the judge who conducts the hearing on the writ "is vested with a sound discretion" in determining whether that burden has been sustained, and his decision will not be disturbed on appeal unless he has clearly abused his discretion. Wells v. Commonwealth, 1944, 299 Ky. 51, 184 S.W.2d 223; Brooks v. Gaw, Ky.1961, 346 S.W.2d 543. To state the latter policy another way, if it appears from a review of the record that there is room for an honest difference of opinion among reasonable men as to whether "the proof is evident or the presumption great," this court will not substitute its own judgment for that of the trial court.

The evidence of the hearing in this proceeding disclosed that on the night of April 17, 1962, Dr. L. H. Wagers was assaulted and robbed and his wife severely beaten in their home at Hazard, Kentucky, by three armed men wearing masks. One of them was dressed in a dark suit and dark shirt. He had black hair parted on the left side. From these details (except for the mask), an hour and a half later at the police station Dr. Wagers identified the appellant as that man. Again on the witness stand he positively identified him.

Shortly after the robbery, and a few moments before the arrival of police officers,

the appellant came to the house next door to the Wagers home, where Dr. Wagers had gone to summon help, and asked the lady of the house, Mrs. Eblen, to call the police because some men had just held a gun on him. His story was that he was on his way driving from Lexington to Whitesburg and was about to go to a motel in the neighborhood for the night when suddenly two men opened his car door, pointed a pistol at him and forced him to drive them a short distance, but when they saw the lights of another car approaching they thought it was the police and departed as abruptly as they had appeared.

When the forces of the law arrived at the Eblen home appellant went with them in search of the robbers, and the two (or other two, as the case may be) men were shortly apprehended. Apparently they were afoot. They were taken to the police station and promptly identified there by Dr. Wagers. He then identified the appellant as well. According to Dr. Wagers, this was the first time he had seen the appellant since the robbery, though appellant says the doctor saw him at the Eblen home.

In Brooks v. Gaw, Ky.1961, 346 S.W.2d 543, the testimony of an eyewitness identifying the accused as the person who killed another was held sufficient to support a denial of bail. In Day v. Caudill, Ky.1957, 300 S.W.2d 45, and Burton v. Commonwealth, 1948, 307 Ky. 825, 212 S.W.2d 310, it was held otherwise in view of conflicting evidence creating a plausible basis for the defense of self protection or a reduction of the offense to a non-capital degree. In the case before us the appellant's testimony certainly puts his apparent guilt in issue, but on the whole it strikes us as adding more to a conviction of guilt than would have been justified by the doctor's identification alone. It is at least open to question whether the simple identification of a person who had been seen but once before, and with a mask over his face at the time, would raise a presumption strong enough to deny bail. Here, however, the appellant himself provided the further informa-

tion that he was on the scene immediately after the commission of the crime, and, indeed, had just had in the car with him two armed men who fled when they thought they saw the police approaching. Thus he puts himself on the scene, and he puts himself with the apparent perpetrators of the crime. And under cross-examination his explanation of these circumstances tended considerably to impair his claim of innocence.

Considering the evidence as a whole, we cannot say that the trial court abused its discretion in denying bail.

Judgment affirmed.