William G. FINN, Appellant,

v.

Raymond McCLARD, Jailer of Warren County, and Commonwealth of Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1967.

E. R. Gregory, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Asst. Atty. Gen., Frankfort, for appellees.

DAVIS, Commissioner.

The appellant, William G. Finn, is accused of armed robbery in contravention of KRS 433.140. The death penalty is permitted upon conviction of the offense. Finn's motion for bail was denied whereupon he filed habeas corpus petition seeking to be released upon reasonable bail pending action of the grand jury. His petition for writ of habeas corpus was denied by the Judge of the Barren Circuit Court, and Finn appeals. An order affirming the judgment of the circuit court has been entered heretofore; this opinion will relate the court's reasons for the order.[1]

Kentucky Constitution, Section 16, provides:

"All prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great; and the privilege of the writ of habeas corpus shall not be suspended unless when, in case of rebellion or invasion, the public safety may require it."

The mandate of the constitution provision has been recognized by this court in many cases including Smiddy v. Barlow, Ky., 288 S.W.2d 346, 347, in which it was written:

"A person accused of crime for which he might suffer the death penalty has the right to remain at liberty upon reasonable bail pending trial unless the Commonwealth shows his manifest guilt or produces evidence sufficient to create great presumption of guilt. Duke v. Smith, Ky., 253 S.W.2d 242, 243."

Jerry Furlong, manager of Houchens Market in Glasgow, was confronted by an assailant on June 24, 1967, at approximately 9 p.m. Furlong testified that the assailant drove near him in a white 1964 Chevrolet automobile and called out, "All right, Jerry, hand it over." Furlong said that he supposed that it was some acquaintance of his playing a prank on him. Furlong related that the assailant said, "I'll shoot." Upon being asked what happened then, Furlong testified, "I didn't stop and didn't drop the money or anything, and he came out of the car with a shotgun.

"Q. 17. Did he shoot you?

A. He shot me in the right hip."

Three bags of money which Furlong was taking to the night depository were taken by the assailant, who fled the scene immediately by being driven away in the white automobile in which he had arrived. The robbery occurred on the well-lighted parking area of the market, while it was raining slightly.

A young couple were seated in an automobile quite near the criminal activity but were frightened when they observed the display of the shotgun and were not able to give helpful testimony concerning the description or identity of the assailant.

1. Finn had been transferred to custody of appellee McClard, Jailer of Warren County.

Furlong was taken to the hospital immediately after the shooting, and sedation was administered to him. An officer who interviewed Furlong two or three hours after the incident explained that Furlong was unable to recall coherently the events, and the officer did not undertake to obtain a detailed description of the assailant at that time. On the next day, however, the officer did obtain from Furlong descriptive data of the assailant. Furlong was able to select a photograph of the appellant from a group of photographs submitted to him by the officer. When Furlong was given an opportunity to view the appellant in person, he positively identified him as the assailant. At no time has Furlong wavered in his identification.

Finn did not testify in his own behalf at the hearing on the motion for bail or at the habeas corpus hearing. Evidence was presented in his behalf by his mother and father and other members of his family reflecting that the appellant Finn was at the home of his parents at a point about thirteen miles distant from the scene of the crime when the crime was committed.

It is our view that the present appeal is ruled by the rationale expressed in Nickell v. Kelly, Ky., 357 S.W.2d 856, in which it was said:

"In establishing that an offense is not bailable the burden is on the Commonwealth to show that 'the proof is evident or the presumption great.' Day v. Caudill, Ky.1957, 300 S.W.2d 45, 46, 48; Young v. Russell, Ky.1960, 332 S.W.2d 629, 633. However, the judge who conducts the hearing on the writ 'is vested with a sound discretion' in determining whether that burden has been sustained, and his decision will not be disturbed on appeal unless he has clearly abused his discretion. Wells v. Commonwealth, 1944, 299 Ky. 51, 184 S.W.2d 223; Brooks v. Gaw, Ky.1961, 346 S.W.2d 543. To state the latter policy another way, if it appears from a review of the record that there is room for an honest difference of opinion among reasonable men as to whether 'the proof is evident or the presumption great,' this court will not substitute its own judgment for that of the trial court."

Our examination of the present record leaves us unpersuaded that the trial judge abused his discretion in refusing bail to the appellant.

The testimony of an eye witness identifying the accused as the person who killed another has been considered ample to support a denial of bail. Brooks v. Gaw, Ky., 346 S.W.2d 543. The evidence of Furlong was sufficiently unequivocal and convincing as to make the proof evident or the presumption of guilt great. Its efficacy was not so diminished by the alibi-testimony of appellant's kin as to warrant our setting aside the finding of the trial judge.

The judgment is affirmed.

All concur.