**James Willard MARCUM, Appellant,**

v.

**Lester BROUGHTON, Jailer of Knox County, and Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

March 28, 1969.

As Modified on Denial of Rehearing
June 20, 1969.

John J. Tribell, Middlesboro, for appellant.

John B. Breckinridge, Atty. Gen., Howard Trent, Asst. Atty. Gen., Frankfort, Carlos Pope, Commonwealth's Atty., Barbourville, for appellees.

REED, Judge.

James Willard Marcum has appealed from an order of the Knox Circuit Court dismissing his petition for a writ of habeas corpus. His motion for admission to bail was denied by the same court after hearing evidence. This habeas corpus proceeding was instituted to review the denial of bail. We determined that the appellant was entitled to bail and entered an order to that effect on March 14, 1969, and this opinion is delivered to explain our disposition of the matter.

It is claimed that on or about September 5, 1968, appellant shot and killed his brother in Clay County, Kentucky. He was arrested at the home of a neighbor a short distance away on the same day. The sheriff of Clay County effected the arrest and placed appellant in the Clay County jail. There he remained until September 8, 1968, when he was admitted to bail in the amount of $10,000 evidenced by a bail bond executed by a good and acceptable surety. Thereafter, the Clay County Grand Jury returned an indictment charging the appellant with the crime of "willful murder," under KRS 435.010, which is a capital offense punishable by confinement in the penitentiary for life or by death. Upon his arraignment, appellant was notified that he would be tried in the Clay Circuit Court on January 13, 1969. He remained free on bond, and before the case could be tried in the Clay Circuit Court the appellant and the Commonwealth, by agreement, changed the venue of the pending prosecution to the Knox Circuit Court for purpose of trial.

In the early part of February, 1969, the Judge of the Knox Circuit Court on his own motion caused appellant to appear before him and at that time ordered the bail revoked. Appellant's trial was set for April 15, 1969.

Appellant promptly filed a motion for bail. This motion was overruled at the conclusion of the evidentiary hearing held thereon and immediately thereafter appellant filed a petition for a writ of habeas corpus in the same court. It was agreed that the evidence heard on the motion for bail would be considered as the evidence on the petition for writ of habeas corpus. The trial judge thereupon entered an order overruling the petition for the writ of habeas corpus from which action this appeal was taken.

The evidence introduced by the Commonwealth on appellant's motion for bail consisted of the testimony of the Clay County sheriff and a state trooper who investigated the shooting. The appellant, without objection by the Commonwealth and with the consent of the court, introduced a sworn

statement given by his sister-in-law, an eyewitness to the occurrence, which statement had been given in appellant's attorney's office. The sister-in-law is the widow of another brother of the victim and the defendant.

It appears from the evidence that appellant and his sister-in-law went to the home of the deceased, who was a brother of the appellant, in order to secure possession of the house by the sister-in-law. It appeared that there had been past argument concerning who had the right to occupy the property. The appellant was armed with a .38 pistol. It further appears that during a discussion concerning the occupancy of the house, the deceased armed himself with a .22 rifle which was fully loaded; however, investigation after the shooting revealed that no shell was in the chamber of the rifle at the time deceased was killed. The sheriff testified that appellant admitted shooting his brother but stated that he had to do it. The .22 rifle was lying either under the body or partially under the body of the deceased at the time the sheriff arrived. The testimony of the sheriff makes clear that the appellant claimed self-defense.

The sworn statement of the sister-in-law was to the effect that the deceased was the aggressor, and precipitated the argument, and it was not until after the deceased threatened appellant with the rifle that the shooting occurred.

█ .The right to bail is a constitutional one which has been safeguarded. It is provided that all persons are entitled to bail "unless for capital offenses when the proof is evident or the presumption great." Ky.Const., Sec. 16. The quoted language has been construed to mean the proof of guilt is evident or the presumption of guilt is great. See Day v. Caudill, Ky., 300 S.W.2d 45.

In Young v. Russell, Ky., 332 S.W.2d 629, we examined at some length the law in this Commonwealth relative to the issue with which we are here concerned. In Young we held that an order admitting a defendant to bail after indictment could be vacated or modified after the bail was taken by the court in which the prosecution was pending so as to recommit the defendant, upon grounds other than those specifically provided by Criminal Code of Practice, Sec. 99, which was then in effect. In the Young case the defendant was indicted on January 11, 1960, and was admitted to bail in the sum of $5,000. Later the same day, the Commonwealth served notice that it would move the same court to set aside the order and hold defendant without bail. The trial court heard the motion on January 15, 1960, and revoked the defendant's bail and ordered him held in jail. We reversed this disposition of the case because the Commonwealth failed to sustain its burden to show that the defendant's guilt was evident or that the presumption of his guilt was great. The only testimony offered by the Commonwealth to sustain the burden was the hearsay testimony of a police officer as to what the eyewitness to the killing told him and the official transcript of the testimony given by that witness before the grand jury. A dispositive holding in Young was that the Commonwealth must sustain its burden by proof competent under the ordinary rules of evidence.

█ In Finn v. McClard, Ky., 418 S.W.2d 764, we repeated the rule that in establishing whether or not a defendant charged with the commission of a capital offense is bailable, the burden is on the Commonwealth to show that the "proof is evident or the presumption great." We reiterated the view that the judge who conducts the hearing is vested with a sound discretion in determining whether or not that burden has been sustained. The Finn case relied exclusively on our decision in Nickell v. Kelly, Ky., 357 S.W.2d 856. In the Nickell case, the cases of Day v. Caudill, Ky., 300 S.W.2d 45, and Burton v. Commonwealth, 307 Ky. 825, 212 S.W.2d 310, were cited with approval and were characterized as holding that where conflicting evidence creates a plausible basis for the defense of self-pro-

tection or the reduction of the offense to a noncapital degree, the Commonwealth has failed to sustain its burden and the accused is entitled to reasonable bail.

In the instant case, appellant remained on bond in the amount of $10,000 from September of 1968 to February of 1969. The record does not indicate that he conducted himself in any manner other than that required by law. He made himself amenable to the processes of the court. He appeared for hearings as directed. The Clay Circuit Court had continued him on bail prior to trial. The revocation of this bail did not come by any action of the Commonwealth's attorney. The Commonwealth failed to object to the introduction of the statement of the eyewitness which sustains appellant's contention of self-defense. The Commonwealth makes no claim of any change of condition or discovery of additional evidence between the time that appellant was admitted to bail in Clay County and the time the bail was revoked by the Judge of the Knox Circuit Court.

If the Judge of the Knox Circuit Court had been acting in the matter in an initial fashion we would feel impelled to uphold the exercise of his discretion in determining whether or not the Commonwealth had sustained its burden. The rule of the Finn case would be applicable. However, the situation here, in our opinion, differs radically from that presented in Young v. Russell, Ky., 332 S.W.2d 629, Nickell v. Kelly, Ky., 357 S.W.2d 856, and in Finn v. McClard, Ky., 418 S.W.2d 764; it is closer akin to the factual situations in the cases of Day v. Caudill, Ky., 300 S.W.2d 45, and Burton v. Commonwealth, 307 Ky. 825, 212 S.W.2d 310.

Section 16 of the Constitution of Kentucky assures the right to bail except in the limited circumstances stated herein and in that instance the burden is on the Commonwealth to establish the exception. Section 17 of that document denounces excessive bail. Section 2 of that same Constitution declares that absolute and arbitrary power over the liberty of free men exists nowhere in a republic, not even in the largest majority.

Our view is that bail previously allowed may not be revoked without reason for the revocation.

Under the present state of the record we concluded that appellant is entitled to bail in a reasonable amount to be fixed by the Judge of the Knox Circuit Court, not in excess, however, of the amount heretofore fixed. We have heretofore entered our order to this effect. The cause is reversed and remanded for further proceedings consistent with this opinion.

All concur.