**Robert D. KUHNLE, on Behalf of Harold L. Allen, Appellant,**

**v.**

**Howard C. KASSULKE Warden, Jefferson County Jail, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1973.

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Frankfort, Edwin A. Schroering, Louisville, for appellee.

VANCE, Commissioner.

Harold L. Allen appeals from an order of the Jefferson Circuit Court which dismissed his petition for a discharge from custody on a writ of habeas corpus.

Appellant was arrested on August 9, 1972, on a warrant charging him with the crime of rape. Bail was fixed at $1,000.00 by the judge of the Louisville Police Court and appellant executed bond for his appearance.

The case was submitted to the Jefferson County Grand Jury and appellant was indicted for the offense before any preliminary hearing was held in the police court. When the indictment was returned a bench warrant was issued for appellant's arrest. The judge of the Jefferson Circuit Court, before whom the indictment was returned, fixed bail in the sum of $50,000.00.

Appellant was arrested on the bench warrant and filed motion for reduction of bail. The motion was overruled. A petition for habeas corpus was then filed and it was denied.

RCr 4.14(1) provides:

"(1) Bail taken at any stage of the proceedings shall continue in effect to insure the appearance of the defendant for any and all purposes at all stages of the proceedings, subject to increase, decrease, revocation or other modification by the court in which the charge is thereafter pending. It shall terminate (a) when the principal is acquitted or the prosecution is dismissed; (b) when the principal, following conviction appealable to the circuit court, fails to perfect his appeal within the time limit under RCr 12.04; (c) when an appeal taken or attempted to be taken by the principal to the circuit court is dismissed; and (d) when the principal, following conviction appealable to the Court of Appeals, files notice of appeal under RCr 12.52 or the time limit under RCr 12.54 for filing such notice expires, whichever is earlier."

RCr 4.14(5) provides:

"(5) Unless the court in its reasonable discretion considers it to be unwise or impracticable, the Commonwealth and the principal, or his counsel, shall be given notice (which need not be formal) and reasonable opportunity to be heard prior to the entry of an order increasing, decreasing, revoking, or otherwise modifying bail."

Appellant contends the procedure followed in his case violated RCr 4.14(5) in that his bail was increased from $1,000.00 to $50,000.00 summarily without notice to him and without opportunity for him to be heard. By the terms of RCr 4.14(5) the bond executed by appellant for the appearance in police court continued in effect to assure his appearance at all stages of the proceedings subject to modification by the court.

We held in Marcum v. Broughton, Ky., 442 S.W.2d 307 (1969), that bail previously allowed may not be revoked without reason for the revocation. In *Marcum* bail was fixed by the Clay Circuit Court and defendant executed bond. Subsequently a change of venue was granted to Knox County and the judge of the Knox Circuit Court on his own motion revoked bail. We reversed because no cause for revocation was shown.

This court thinks that *Marcum* is not applicable to this case because here a sig-

nificant change occurred in appellant's status between the time that bail was fixed in Louisville Police Court and the time that bail was fixed on the bench warrant.

The bail in Louisville Police Court was upon a warrant issued upon affidavit. At that time there had been no preliminary hearing as to probable cause and no investigation by a grand jury. The bail on the bench warrant was fixed after a grand jury had investigated the case, found probable cause to exist and returned an indictment. The returning of the indictment marked the passing of a milestone in the criminal process from arrest to possible ultimate conviction and to that extent it represented a change in his status. This change alone, in the opinion of this court, is sufficient to authorize the circuit court, before which the indictment was returned, to take a fresh look at the question of bail and to exercise a new discretion as to the amount of bail under the standards set forth in RCr 4.06. Under the rules another change of status occurs when one charged by an indictment has been convicted by a jury and the circuit court is likewise permitted to exercise a new discretion on the question of bail pending appeal.

In the view of this court the summary fixing of a new amount of bail on the indictment did not, of itself, transgress the Criminal Rules. Nevertheless appellant had the right to, and he did, file a motion to reduce the amount of bail. He was entitled to, and was granted, a hearing on this motion. At this hearing the burden of proof on the question of the excessiveness of the bail was upon the appellant. He called the chief prosecuting witness, the victim of the assault, as a witness in his behalf. The trial judge refused to permit appellant to examine this witness on the ground that such an examination would constitute an unauthorized discovery. It is the opinion of this court that appellant should have been permitted to examine the chief prosecuting witness at the hearing to reduce bail to the extent that the object of such an examination had any relevant bearing upon the factors which the court must consider under RCr 4.06 in determining the amount of bail.

We therefore reverse the judgment herein and remand the case to the Jefferson Circuit Court with directions that appellant be afforded a hearing at which time evidence shall be heard relevant to the question of whether the amount of bail is excessive.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, NEIKIRK and STEPHENSON, JJ., concur.

STEINFELD, J., concurs in result only.