RENDERED: JUNE 14, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1132-MR

COMMONWEALTH OF KENTUCKY                                        APPELLANT

APPEAL FROM BRECKINRIDGE CIRCUIT COURT
v.       HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 22-CR-00107

RODNEY D. JONES                                                APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: The Commonwealth of Kentucky appeals from orders of the Breckinridge Circuit Court granting bond to criminal defendant Rodney D. Jones on charges of murder, kidnapping (resulting in the victim's death), abuse of a corpse, and tampering with physical evidence. The Commonwealth argues that the circuit court erred in granting bond because the

murder and kidnapping charges are capital offenses.  After careful review, we reverse and remand the orders on appeal.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2022, Jones was charged with murder, kidnapping (resulting in the victim's death), abuse of a corpse, and tampering with physical evidence.[1]  The murder and kidnapping charges are capital offenses, as the range of possible penalties includes death.[2]

On May 1, 2023, Jones filed a motion requesting bail.  Bail bond is defined as:

> a written undertaking, executed by the defendant or one or more sureties, that the defendant designated in such instrument will, while at liberty as a result of an order fixing bail and of the execution of a bail bond in satisfaction thereof, appear in a designated criminal action or proceeding when the defendant's attendance is required and otherwise render himself or herself amenable to the orders and processes of the court, and that in the event the defendant fails to do so, the signers of the bond will pay to the court the amount of money specified in the order fixing bail.

Kentucky Rules of Criminal Procedure ("RCr") 4.00.[3]

---

[1] Kentucky Revised Statutes ("KRS") 507.020; 509.040; 525.120; and 524.100.

[2] KRS 507.020(2) and KRS 509.040(2).

[3] For purposes of this appeal, we will use the terms "bail" and "bond" interchangeably.

A hearing on the motion was conducted on August 14, 2023, where evidence was adduced that the victim, Beverly Smallwood, was murdered on July 5, 2022; that her body was found in a tent inside her residence; that her mouth had been taped and her body beaten; and, that Jones was implicated in the crimes. The Commonwealth acknowledged that because no aggravating circumstances were present, it would not seek the death penalty.[4]

The circuit court then considered Kentucky Constitution §16, RCr 4.02(1), and KRS Chapter 431 as they related to Jones's request for bond on the capital charges. Kentucky Constitution §16 states that, "[a]ll prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great[.]" Similarly, RCr 4.02(1) provides that, "[a]ll persons shall be bailable before conviction, except when death is a possible punishment for the offense or offenses charged and the proof is evident or the presumption is great that the defendant is guilty."

In examining the constitutional language and the criminal rule, the court properly noted that what should be a straightforward issue of bail was

---

[4] In *Commonwealth v. Maricle*, 15 S.W.3d 376 (Ky. 2000), the Supreme Court of Kentucky cited *Smith v. Commonwealth*, 845 S.W.2d 534 (Ky. 1993), in recognizing that there was no strict rule regarding when the Commonwealth must announce its intention to seek the death penalty. Rather, a defendant is entitled to "sufficient notice" of the Commonwealth's intention to seek the death penalty. *Maricle*, 15 S.W.3d at 379. In the matter before us, the Commonwealth could have changed its intention to seek the death penalty at any time throughout the proceeding, so long as it gave Jones sufficient notice prior to sentencing.

"needlessly complicated by a lack of harmony amongst Kentucky's Constitutional provisions regarding bailable offenses, Kentucky's criminal rule regarding bailable offenses, and Kentucky's bail statute" – the latter of which the court found contained no provision for the denial of bail. We agree with the circuit court, as neither the Kentucky Constitution, the criminal rules, nor the case law clearly address the facts before us.

In considering Jones's request for bail, the circuit court determined that, although Jones was charged with capital offenses, death was not a "possible punishment" per RCr 4.02(1) in the instant case. It came to this conclusion because the Commonwealth stated it would not seek the death penalty.[5] Having determined that Jones was not charged with capital offenses for purposes of Kentucky Constitution §16 because the Commonwealth chose not to seek the death penalty, the circuit court ruled that Jones was entitled to bail. The court then granted bond in the amount of $100,000.00, secured at 50%. This appeal followed.[6]

---

[5] To justify the imposition of the death penalty, the Commonwealth must prove at least one of the aggravating circumstances set out in KRS 532.025(2)(a).

[6] Appellant initially based its appeal on the bond appeal language in the Rules of Appellate Procedure ("RAP") 51. On November 9, 2023, this Court granted Appellant's motion to convert the matter to an interlocutory appeal per KRS 22A.020, as RAP 51 recognizes the right of bond appeal only as to aggrieved defendants. Jones did not file a responsive pleading.

# STANDARD OF REVIEW

> Great discretion is vested in the circuit judge respecting bail. When there has been an exercise of discretion by the circuit judge in fixing bail, that decision will not be disturbed by this court on appeal. However, the record should demonstrate that the circuit judge did in fact exercise the discretion vested in him under the statutes and rules.

*Abraham v. Commonwealth*, 565 S.W.2d 152, 158 (Ky. App. 1977) (citation omitted).

# ARGUMENT AND ANALYSIS

The Commonwealth argues that the Breckinridge Circuit Court erred in granting Jones's motion for bail. Directing our attention to KRS 507.020(2) and KRS 509.040(2), the Commonwealth maintains that Jones was charged with two capital offenses because the range of penalties included death. It goes on to argue that, per Kentucky Constitution §16, "the proof is evident or the presumption great" that Jones committed the capital offenses. It notes that Jones was present at the crime scene; that a co-defendant implicated both himself and Jones as having committed the crimes; and, that Facebook messages between the co-defendant and Jones were strong evidence of Jones's guilt. In further support of its claim that the proof is evident or the presumption great, the Commonwealth also points to a video showing Jones's truck at the crime scene; witness testimony that Jones was at the crime scene; and, that another individual identified the co-defendant and

-5-

Jones as being present at the murder. The focus of the Commonwealth's argument is that the circuit court improperly concluded that Jones was entitled to bail because the Commonwealth stated its intention not to seek the death penalty. Rather, the Commonwealth asserts that a criminal defendant must merely be charged with a capital offense to be ineligible for bail, so long as the proof of guilt is evident or the presumption great, irrespective of whether the Commonwealth subsequently seeks the death penalty.

The question for our consideration, then, is whether Jones was entitled to bail because the Commonwealth stated its intention not to seek the death penalty, as so found by the circuit court, or whether, as the Commonwealth argues, bail is not available to a person charged with a capital offense irrespective of whether the death penalty is sought.

The word "bailable" in Kentucky Constitution §16 has been interpreted to mean that – at least initially – all prisoners are entitled to bail. "The right to bail is a constitutional right guaranteed to every prisoner as defined in that section of the Constitution." *Commonwealth v. Stahl*, 237 Ky. 388, 35 S.W.2d 563, 563 (1931). At the time of the indictment, and prior to the entry of any proof, all prisoners who request bail – including those charged with capital offenses – are entitled to bail. *Id.* This entitlement is based on the presumption of innocence, and the practical reality that the indictment alone contains no proof that guilt is evident

or the presumption of guilt is great. *Id.* "The indictment does not furnish proof of his guilt that is evident, and, in fact, it furnishes no proof of his guilt upon which the circuit court may act in allowing, or denying, bail. Neither does the indictment create a presumption of guilt which is great." *Id.*

To overcome the presumption of innocence and the lack of proof in the indictment, the Commonwealth then has the opportunity to demonstrate that proof of guilt is evident or the presumption of guilt is great. *Id.* at 564. The trial court is vested with sound discretion in considering whether the Commonwealth has met this burden. *Brooks v. Gaw*, 346 S.W.2d 543, 543-44 (Ky. 1961) (citing *Wells v. Commonwealth*, 299 Ky. 51, 184 S.W.2d 223 (1944)).

If in the exercise of its discretion, the trial court determines that the Commonwealth has proven that guilt is evident or the presumption of guilt is great for purposes of Kentucky Constitution §16, the prisoner is no longer entitled to bail. "We have many times written that a person is not entitled to bail in a case involving a capital offense where the proof is evident or the presumption great as to ultimate guilt." *Brooks*, 346 S.W.2d at 543.

After closely examining *Brooks*, *Stahl*, and the related case law, we conclude that the phrase "not entitled to bail" should be afforded its plain and literal meaning. The trial court may properly exercise its sound discretion as to the initial question of whether the Commonwealth has proven that guilt is evident or

the presumption of guilt is great. *Id.* However, once the court answers this question in the affirmative, it is foreclosed from further exercising discretion on the question of bail. A finding that guilt is evident or the presumption of guilt is great means that the defendant is no longer eligible to receive bail. This, we believe, is the very purpose of the exception to the entitlement of bail expressly carved out in Kentucky Constitution §16, to wit, that "[a]ll prisoners shall be bailable by sufficient securities, *unless* for capital offenses when the proof is evident or the presumption great[.]" (Emphasis added.) Such a finding renders the defendant no longer bailable.[7]

As noted above, the circuit court determined that, although Jones was charged with capital offenses, death was not a "possible punishment" per RCr 4.02(1) because the Commonwealth stated its intention not to seek the death penalty. Based on this finding, the court concluded that Jones was entitled to bail because he was not excepted from the general rule that all prisoners are bailable.

Again, RCr 4.02(1) provides that, "[a]ll persons shall be bailable before conviction, except when death is *a possible punishment for the offense or offenses charged* and the proof is evident or the presumption is great that the

---

[7] After Jones's bail hearing, the circuit court found "strong evidence" that the crimes were planned; that Jones was involved in the planning; that he was physically present when the crimes were committed; and, that the Commonwealth's case had "apparent strength." It also found that Jones was a flight risk and was a danger to others.

defendant is guilty." (Emphasis added.) In the instant case, death was a possible punishment at the moment Jones was charged with capital offenses. Further, death remains a possible punishment per RCr 4.02(1) even after the Commonwealth has expressed its intention not to seek the death penalty, as the Commonwealth may change its intention at any time in the proceeding so long as the defendant receives adequate notice prior to sentencing. *See* Footnote 4, *supra*.

## **CONCLUSION**

Jones was charged with capital offenses for which death was a possible penalty. Per Kentucky Constitution §16, we believe it is incumbent upon the circuit court to make an express finding as to whether the proof of Jones's guilt is evident or the presumption is great. Accordingly, we reverse the orders of the Breckinridge Circuit Court granting bond and setting conditions of release, and remand the matter for a determination of whether the proof of Jones's guilt is evident or the presumption is great. If the court answers this question in the affirmative, then Jones is not bailable. A negative answer entitles Jones to bail.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Russell M. Coleman
Attorney General of Kentucky

Kristen L. Conder
Assistant Attorney General
Frankfort, Kentucky